UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11

Tampa Hyde Park Cafe Properties, LLC            Case No. 8:23-bk-00448-CED

        Debtor.

_____/

**UNITED STATES TRUSTEE'S MOTION TO DISMISS
OR CONVERT CHAPTER 11 CASE**

Mary Ida Townson, the United States Trustee for Region 21, by and through his

undersigned counsel, hereby requests that the Court dismiss or convert the above-styled

case pursuant to 11 U.S.C. § 1112(b) for the following reasons:

1.      The Debtor filed a voluntary petition under chapter 11 of the U.S.

Bankruptcy Code on February 7, 2023.

2.      Pursuant to his authority under 28 U.S.C. § 586(a), the United States

Trustee provided the Debtor by electronic mail information concerning the United

States Trustee's Operating Guidelines and Reporting Requirements for Debtors in

Possession and Trustees ("Guidelines") which, in part, requires the Debtor to furnish

the United States Trustee with proof of insurance--general liability, property, fire &

theft in the name of the Debtor.

3.      To date, the Debtor has failed to provide proof of commercial general

liability insurance for all of the locations which it leases.  The Debtor filed schedule G

apparently identifying different leases.  The United States Trustee understands that the

Debtor is in the process of amending that schedule. The Debtor has not provided any insurance information as to 1801 W. Platt Street. The Debtor has provided insurance information as to other parcels. However, the documents that were provided typically fail to be in the actual name of the Debtor or do not clearly confirm that insurance is in place presently. A certificate of insurance naming the Debtor specifically as an insured would satisfy. Separately, the United States Trustee raises the issue of whether liquor liability insurance as to 1801-6 W. Platt Street, where a bar operates.[1]

4.     Failure to maintain appropriate insurance that poses a risk to the estate or to the public is a basis for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(C).[2] The Debtor filed schedule G identifying its

5.     Dismissal or conversion of chapter 11 cases is governed by 11 U.S.C. § 1112(b), which states in relevant part:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

---

[1] The Debtor contends that it need not have such insurance since it is a landlord and is not itself operating a bar.
[2] *See In re Van Eck,* 425 B.R. 54, 59 (Bankr. D. Conn. 2010) (Citations omitted.).

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--

(i) for which there exists a reasonable justification for the act or omission; and

(ii) that will be cured within a reasonable period of time fixed by the court. . . .

(4) For purposes of this subsection, the term 'cause' includes--

…(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; …

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any); ….

6.      Stated more clearly: new section 1112(b) mandates, with limited exceptions, that the court dismiss or convert a chapter 11 case where any of the acts or omissions listed in section 1112(b)(4), or other cause, exists.[3]

7.      Conversion or dismissal pursuant to 11 U.S.C. § 1112(b) is mandatory on two of the specific grounds given as examples in that section.

WHEREFORE, the United States Trustee moves this Court pursuant to 11 U.S.C. § 1112(b) to either dismiss or convert to chapter 7 all three of the above-styled

---

[3] The United States Trustee has also requested other information pursuant to the Guidelines.  The Debtor is in the process of attempting to comply with those requirements.  Failure to do so may be additional grounds for dismissal or conversion.

chapter 11 cases or grant such other and further relief that the Court may deem

appropriate.

Respectfully submitted,
Mary Ida Townson
United States Trustee--Region 21

By: /s/BENJAMIN E. LAMBERS
    Benjamin E. Lambers
    Trial Attorney
    Fla. Bar No. 774197
    501 E. Polk Street, Suite 1200
    Tampa, FL  33602
    (813)228-2000
    (813)228-2303--facsimile
    Ben.E.Lambers@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the United States Trustee's Motion to Dismiss or Convert has been served by electronic or United States Mail on March 10, 2023 on the following:

Tampa Hyde Park Cafe Properties, LLC
303 S. Melville Ave.
Tampa, FL 33606

W Bart Meacham
308 East Plymouth Street
Tampa, FL 33603-5957Michael R Dal Lago
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108

/s/BENJAMIN E. LAMBERS
Attorney