**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**Tampa Hyde Park Café Properties, LLC**               **Case No.: 8:23-bk-00448**
                                                                        **Chapter 11**

**Debtor.**

_____/

### CREDITOR PARTY OF FIVE INVESTMENTS, LLC'S, BRIEF ON THE
### MOTION FOR RELIEF FROM STAY (Dkt.# 48) AND DEBTOR'S RESPONSE (Dkt.# 57)

Creditor, Party of Five Investments, LLC ("Creditor"), through undersigned counsel and pursuant to the Court's order instructing the parties to submit additional briefing, files this brief on Creditor's Motion for Relief from Automatic Stay and to Proceed with Foreclosure Sale and Appeal (the "Motion") (Dkt.# 48) and Debtor, Tampa Hyde Park Café Properties, LLC's (the "Debtor"), Objection and Response to the Motion (Dkt.# 57), and states as follows:

### BACKGROUND FACTS

1.      On May 11, 2022, the trial court in the commercial foreclosure action styled *Party of Five Investments, LLC, v. Tampa Hyde Park Café Properties, LLC*, Hillsborough County Circuit Court *Case No.: 20-CA-7143* (the "Foreclosure Action") entered a final judgment of foreclosure in Creditor's favor and against the Debtor.  The trial court set a foreclosure sale date of June 14, 2022 for the subject property (the "Property").

2.      On June 13, 2022, Debtor exercised its right of redemption and paid the final judgment amount. Post redemption, Debtor assigned the Property to CPT Acquisitions, LLC ("CPT").

3.      On November 7, 2022, the trial court in the foreclosure action entered a final

judgment awarding fees and costs to Creditor and against Debtor. The Debtor appealed the final judgment (the "Appeal")

4. On January 6, 2023, the trial court in the Foreclosure Action entered an amended final judgment of foreclosure. The court set a foreclosure sale date of February 7, 2023.

5. On February 7, 2023 – on the day of the foreclosure sale – Debtor filed for relief under the Code.

6. On March 13, 2023, Creditor filed the Motion. Creditor asked for relief from stay to reschedule the cancelled foreclosure sale and proceed with the Appeal.

7. On March 26, 2023, the Debtor filed the Objection to the Motion and stated that the Motion should be denied because a foreclosure sale would diminish the value of the lease between the Debtor and Tampa Hyde Park Café, LLC ("Tenant"), a copy of which is attached as Exhibit A to the Objection (the "Lease").

8. On March 27, 2023, the Court held a preliminary hearing and instructed the parties to brief the impact of the foreclosure sale on the Lease.

9. The Court should grant the Motion because Creditor has not sought to extinguish the Lease through a foreclosure sale. Therefore, the outcome of the foreclosure sale will not affect the Lease.

### MEMORANDUM OF LAW

Enforcing an automatic stay serves two purposes: (1) relieving the debtor from added financial pressure during bankruptcy proceedings, and (2) protecting creditors by preventing the premature disbursement of the bankruptcy debtor's estate. *Carver v. Carver*, 954 F. 2d 1573, 1576 (11th Cir. 1992). Enforcing an automatic stay here would serve neither purpose.

With respect to the Property, Debtor has no added financial pressure.  Debtor admits that it does not own the Property; CPT currently owns the Property. (Dkt. 57 at 5.) Debtor, as prior fee owner, has no equity interest in the Property and the stay would not assist Debtor in reorganization. The Lease runs with the land even after conveyance of the Property to CPT. *General Cigar Co. v. Davis*, 204 So. 2d 227, 228 (Fla. 3d DCA 1967) (conveyance of fee interest in leasehold relieved fee owner of obligations under the lease because the lease runs with the land and becomes the obligation of the new fee owner).

The Lease contains a subordination clause, making it "subordinate at all times to all mortgages, master leases, and ground leases, and all advances made thereon and any modifications, additions, renewals, consolidations or extensions thereto, which may now or hereafter affect all or part of the Leased Premises." (Dkt. 57 at 13.) The subordination clause is self-operative. (*Id.*).  To date, Creditor has not sought to terminate the Lease.  The Tenant was not named as a defendant in the Foreclosure Action.

Debtor nevertheless contends that the Court should deny Creditor's request for relief from stay to proceed with the foreclosure sale because Debtor retains a contingent interest in the leasehold on the soon-to-be foreclosed Property (*See id.* at 10-19).  The Debtor has not offered any evidence to prove the contingent interest.  Assuming arguendo that the Debtor retains an interest in the Property, the contingencies tied to the lease—referenced by Debtor in paragraph 16 of its Objection and allegedly giving rise to Debtor's "equity" in the Property—only affect Debtor if or when a current or future landlord decides to terminate the lease. That can only happen if Creditor names the Tenant in the Foreclosure Action or a successful bidder at the foreclosure decides to evict the Tenant from the Property, neither of which has happened.  Creditor does not intend to amend its complaint in the Foreclosure Action to name the Tenant as a defendant.  The foreclosure

sale is likely to result in one of three outcomes all of which have not yet happened: (1) CPT redeems the Property; (2) Creditor bids successfully on the Property (stepping into the shoes of current owner, CPT); or, (3) another individual/entity bids successfully on the Property. In other words, the foreclosure sale will determine who takes the lease and whether that individual/entity will enact eviction proceedings against the Tenant. Whatever interest Debtor has cannot be affected until termination of the Lease which cannot occur until after the foreclosure sale[1].

Debtor's cited cases concerning leasehold interests favoring a stay are distinguishable in that they deal with parties seeking relief from the automatic stay to terminate the lease affecting the debtor's interest in the lease. In *In re Comcoach Corp.*, 19 B.R. 231 (Bkrtcy. S.D.N.Y. 1982), the debtor's leasehold interest (as subtenant of property leased from a successor obligor of a mortgage in default) was found to be a valuable interest and sufficient to prevent the bank from terminating the subtenancy and foreclosing on the property. In the *Matter of Cheshire Molding Co.*, 9 B.R. 309 (Bkrtcy. D. Conn. 1981), the landlord filed a petition to terminate the automatic stay so that it could terminate the lease with the bankrupt tenant and repossess the premises. The issue presented there was whether the tenant had vacated the property.

Neither of those cases presents the situation at hand. Creditor has not named the Tenant as a party to the Foreclosure Action. Creditor has not sought to terminate the Lease or to repossess the Property. Debtor's interest in the Property, whatever that may be, would not be implicated by a foreclosure sale.

Contrary to the Debtor's contention, enforcing a stay in this case also will not protect creditors by preventing the premature disbursement of funds from the estate. As discussed above, the leasehold contingencies referenced by Debtor will not become an issue until complete certainty

---

[1] Ironically, the Debtor and its creditors are likely to benefit by having certainty about the outcome of the foreclosure sale and the identity of the new landlord.

regarding the foreclosure sale occurs. Until that event, nothing is protected by the Court. For example, the Court cannot compel Creditor to renegotiate the judgment lien with the current owner, CPT. Practically speaking, what can the Court do by staying foreclosure proceedings?

Finally, a stay will not aid in reorganization. Debtor relies on contingent future events to support its claim. However, claims based on future, contingent events are not ripe for judicial review. *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). This Court should not continue a stay where future events may or may not accomplish a goal. The better practice would be to grant relief from the stay so that certainty can be established through foreclosure proceedings on the Property.

## CONCLUSION

Based on the foregoing, the Court should grant Creditor's motion for relief from the automatic stay and to allow foreclosure proceedings on the Property, grant relief from stay to proceed with the Appeal, and grant such other and further relief the Court deems just and proper.

THE LIBEN LAW FIRM

By: */s/ Liben Amedie*
Liben M. Amedie
Florida Bar No. 27415
777 S Harbour Island Blvd. Ste. 940
Tampa, FL 33602
813-344-3422 (phone)
813-352-2731(fax)
E-mail: liben@libenlaw.com
*Counsel for Party of Five Investments, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2023, a true correct copy of the foregoing has been furnished via Electronic Noticing to all parties receiving notice by CM/ECF and via U.S. mail sent to:

W. Bart Meacham
308 East Plymouth Street
Tampa, FL 33603-5957
813-223-6334
813-425-6969 (fax)
wbartmeacham@yahoo.com

Tampa Hyde Park Cafe Properties, LLC
303 S. Melville Ave.
Tampa, FL 33606

Benjamin E. Lambers
Timberlake Annex
501 E. Polk Street, Suite 1200
Tampa, FL 33602
813-228-2000 Ben.E.Lambers@usdj.gov

*/s/ Liben Amedie*