UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11

TAMPA HYDE PARK CAFE                            Case No. 8:23-bk-00448-CED
PROPERTIES, LLC,

     Debtor.

_____/

**DEBTOR'S SUPPLEMENT TO DEBTOR'S
OBJECTION AND RESPONSE TO PARTY OF FIVE
INVESTMENTS, LLC'S MOTION FOR RELIEF FROM AUTOMATIC
STAY TO PROCEED WITH FORECLOSURE SALE AND APPEAL (Doc. 48)**

TAMPA HYDE PARK CAFE PROPERTIES, LLC, as debtor and debtor in possession

(the "Debtor"), by and through counsel, files this *Debtor's Supplement to Debtor's Objection and*

*Response to Party of Five Investments, LLC's Motion for Relief from Automatic Stay to Proceed*

*with Foreclosure Sale and Appeal (Doc. 48),* which is Doc. 57 ("*Supplement to Response to*

*Motion for Stay Relief*"), and hereby responds as follows to *Party of Five Investments, LLC's*

*Motion for Relief from Automatic Stay to Proceed with Foreclosure Sale and Appeal* (Doc. 48)

("*Motion for Stay Relief*"):

1.      Party of Five Investments, LLC ("Party of Five") cannot meet its burden of proof

"on the issue of the debtor's equity in [the] property" located at 1802-1806 W. Platt Street,

Tampa, Florida 33606 ("Property"), as required by 11 U.S.C. § 362(g), for the reasons stated in

*Debtor's Objection and Response to Party of Five Investments, LLC's Motion for Relief from*

*Automatic Stay to Proceed with Foreclosure Sale and Appeal (Doc. 48)*, which is Doc. 57

("*Response to Motion for Stay Relief*"), which is incorporated herein.

1

2.      For that reason alone, the Court should deny *Party of Five Investments, LLC's Motion for Relief from Automatic Stay to Proceed with Foreclosure Sale and Appeal* (Doc. 48) ("*Motion for Stay Relief*").

3.      If, however, Party of Five could meet its burden of proof and show that the Debtor does not have an equity in the Property, then the *Motion for Stay Relief* should still be denied based on the "balance the hardship to [Party of Five] if [] not allowed to proceed with the lawsuit, against the potential prejudice to the debtor, the debtor's estate, and other creditors." *In re Forehand*, Case No. 15-41980, *Opinion on Movants' Motion for Relief from Automatic Stay* (Bkrtcy. S.D.Ga. 2016) *citing In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984) and the "twelve non-exclusive factors [] commonly known as the 'Curtis factors'".

<u>Facts Material to the Balancing Test and Curtis Factors</u>

4.      The Property was (A) purchased by the Debtor on or about July 24, 2000, (B) leased, on or about July 25, 2000, to Tampa Hyde Park Cafe, LLC ("THPC") pursuant to the Lease, that is Exhibit "A" to the *Response to Motion for Stay Relief*, for an initial term of five (5) years and nineteen (19) options to renew for additional five (5) year periods each option ("*Long Term Lease*"), (C) the subject of the foreclosure action, Case # 20-CA-007143, that Party of Five filed against the Debtor and others on September 9, 2020 ("*Foreclosure Action*"), and (D) sold and transferred by the Debtor, on or about June 13, 2022, to CPT Acquisitions, LLC ("CPT").

5.      CPT is not a party to the *Foreclosure Action*, and Party of Five has never sought to add CPT as a party to the *Foreclosure Action*.  THPC is not a party to the *Foreclosure Action*, and Party of Five has never sought to add THPC as a party to the *Foreclosure Action*.  Party of Five did not request, in the *Complaint for Foreclosure and Damages* ("*Foreclosure Complaint*")

or otherwise, that a foreclosure judgment be entered against the *Long Term Lease*, or that the *Long Term Lease* be foreclosed out, and the *Long Term Lease* is otherwise not a part or subject of the *Foreclosure Action*.  Nor are there  allegations in the *Foreclosure Complaint* as to a lease, tenant, and/or unknown tenant.

6.      On May 11, 2022, a *Uniform Final Judgment of Foreclosure* ("*Foreclosure Judgment*") was entered in Case # 20-CA-007143 that scheduled a public sale of the Property to take place on June 14, 2022 at 10:00 a.m. unless $780,748.34 plus interest is paid to redeem the Property prior to that date and time.  *See* Exhibit "B" to the *Response to Motion for Stay Relief*.

7.      Paragraph eight (8) of the *Foreclosure Judgment* provides that "[a] motion to amend the final judgment to include additional expenses, fees and costs must be filed not later than 15 days after entry of the judgment, pursuant to Florida Rule of Civil Procedure 1.530(g)".  Paragraph sixteen (16) of the *Foreclosure Judgment* provides that "[t]he court retains jurisdiction of this action to enter further orders or judgments that are proper, including, without limitation, *orders amending this final judgment in accordance with Paragraph 8,* [] *orders authorizing writs of possession and an award of attorney's fees **and costs, to amend the final judgment to include attorney fees and costs** . . . .*"

8.      A lis pendens has been defined under Florida law as being "the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment therein".  *McIntosh v. Hough*, 579 So.2d 179, 182 (Fla. 5th DCA 1991) *quoting Intermediary Finance Corp. v. McKay*, 93 Fla. 101, 111 So. 531, 532 (Fla. 1927).  "[A] lis pendens is notice of all facts apparent on the face of the pleadings and such other facts as the pleadings would necessarily put the purchaser on inquiry".  *Marchand v. De Soto Mortgage Co.*, 149 So.2d 357, 359 (Fla. 2D DCA 1963) *citing De Pass v. Chitty*, 90 Fla. 77,

3

105 So. 148 (1925) "Lis pendens does not affect property not embraced within the description of the pleadings and neither does it extend beyond the prayer for relief." *Marchand v. De Soto Mortgage Co.*, 149 So.2d 357, 359 (Fla. 2D DCA 1963) *citing De Pass v. Chitty*, 90 Fla. 77, 105 So. 148 (1925); and *Haines City Citrus Growers Ass'n v. Petteway*, 107 Fla. 344, 145 So. 183 (1932).

9.      Therefore, in accordance with the *Foreclosure Judgment*, the prayer for relief in the *Foreclosure Complaint*, and the case law cited above, CPT, and all other potential purchasers of the Property, were on notice, as of entry of the Foreclosure Judgment on  May 11, 2022, (A) that the *Foreclosure Judgment* resolved all claims in Case No. 20-CA-007143, except for Party of Five's request for attorney's fees and costs in its *Foreclosure Complaint*, and (B) that Party of Five must file "[a] motion to amend the final judgment to include [] fees and costs [within] 15 days after entry of the judgment, pursuant to Florida Rule of Civil Procedure 1.530(g)".

10.      On May 12, 2022, Party of Five filed a *Notice of Sale* that provides that "[n]otice is hereby given that, pursuant to a Final Judgment of Foreclosure [] the Clerk [] will sell the [Property] at 10:00 a.m. on June 14, 2022", which was notice to CPT, and all other potential purchasers of the Property, that Party of Five was (A) was proceeding forward with a public sale on June 14, 2022 under the *Foreclosure Judgment*, and (B) not filing "[a] motion to amend the final judgment to include [] fees and costs [within] 15 days after entry of the judgment".

11.      On May 16, 2022, Party of Five filed *Plaintiff's Motion for Attorneys' Fees and Costs* (A) requesting attorney's fees and costs "[p]ursuant to the Notes and Mortgages", not the *Foreclosure Judgment* and its right right therein to file "[a] motion to amend the final judgment to include [] fees and costs [within] 15 days after entry of the judgment", (B) asserting that "Plaintiff is entitled to recover from the Defendants", not the Property, and (C) "request[ing] for

leave to file its affidavit of attorney fees and costs after the Court rules on entitlement", which was further notice to CPT, and all other potential purchasers of the Property, that Party of Five was (A) proceeding forward with a public sale on June 14, 2022 under the *Foreclosure Judgment*, and (B) not filing "[a] motion to amend the final judgment to include [] fees and costs [within] 15 days after entry of the judgment".

12.      On May 18, 2022, Party of Five filed a *Notice of Hearing* that scheduled *Plaintiff's Motion for Attorneys' Fees and Costs* to be heard on July 6, 2022 at 9:30 a.m., which was further notice and confirmation to CPT, and all other potential purchasers of the Property, that Party of Five was (A) proceeding forward with a public sale on June 14, 2022 under the *Foreclosure Judgment*, and (B) not filing "[a] motion to amend the final judgment to include [] fees and costs [within] 15 days after entry of the judgment".

13.      Party of Five did not file a "[a] motion to amend the final judgment to include [] fees and costs [within] 15 days after entry of the judgment", which was by May 26, 2022. Therefore, the court in Case No. 20-CA-007143, as of May 27, 2022, (A) in accordance with *McIntosh v. Hough*, 579 So.2d 179 (Fla. 5th DCA 1991), and *Intermediary Finance Corp. v. McKay*, 93 Fla. 101 So. 531 (Fla. 1927), no longer had "jurisdiction, power, or control" over the Property, other than to enforce the *Foreclosure Judgment*, and (B) in accordance with *Marchand v. De Soto Mortgage Co.*, 149 So.2d 357 (Fla. 2D DCA 1963), *De Pass v. Chitty*, 90 Fla. 77, 105 So. 148 (1925), and *Haines City Citrus Growers Ass'n v. Petteway*, 107 Fla. 344, 145 So. 183 (1932), could no longer "affect" the Property, except through enforcement of the *Foreclosure Judgment*.

14.      On June 13, 2022, CPT paid $795,611.341 to redeem the Property, which canceled the public sale scheduled for June 14, 2022. *See* Exhibit "C" to the *Response to Motion*

*for Stay Relief.* CPT's redemption of the Property was in conjunction with the Debtor's sale and transfer of the Property to CPT, as described in paragraphs six (6) and seven (7) of the *Response to Motion for Stay Relief.*

15. Party of Five contends in its Brief on the Motion for Relief from Stay (Doc. 78) (A) that "[o]n June 13, 2022, Debtor exercised its right of redemption and paid the final judgment amount". [a]nd "[p]ost redemption, Debtor assigned the Property to CPT Acquisitions, LLC", which is untrue (see Exhibit "A", attached hereto); and (B) that the Debtor "has no equity interest in the Property" and "retains a contingent interest in the leasehold", which are untrue (see Exhibit "B", attached hereto).

16. On August 22, 2022, the court in Case No. 20-CA-007143 entered an *Order Granting Plaintiff's Motion for Attorneys' Fees and Costs and Denying Defendants', Tampa Hyde Park Cafe Properties, LLC's and Christopher Scott's Motion for Attorney's Fees and Costs* ("*Order Granting Motion for Fees/Costs*") that provides that "Plaintiff is the prevailing party in this action and is entitled to recover its attorneys' fees and costs incurred **from the Defendants**" (emphasis added), not the Property, which ratified Party of Five's election against filing "[a] motion to amend the final judgment to include [] fees and costs [within] 15 days after entry of the [Foreclosure J]udgment". The *Order Granting Motion for Fees/Costs* also provides that "[t]he amount of attorneys' fees and costs to be awarded to the Plaintiff shall be determined at an evidentiary hearing."

17. The parties appeared before the Court on November 1, 2022 for the evidentiary hearing as to the amount of fees and costs to be awarded to Party of Five, with the court pronouncing at the conclusion of the hearing that the award was $144,713.95.

18.   On November 3, 2022, Party of Five's counsel emailed to Debtor's counsel a proposed *Final Judgment Awarding Attorney Fees and Costs* that included the following language in the last paragraph: "[t]he Court reserves jurisdiction to enter a Uniform Final Judgment of Foreclosure in the amount of $144.713.95 and to set the foreclosure sale." *See* Exhibit "C", attached hereto.

19.   On November 7, 2022, Debtor's counsel sent an email to Party of Five's counsel (A) asking that he "[p]lease remove the last paragraph of [his] proposed Order", and stating that "[t]he Court did not reserve jurisdiction to enter a Uniform Final Judgment of Foreclosure." *See* Exhibit "D", attached hereto.

20.   Party of Five's counsel removed such language from his proposed *Final Judgment Awarding Attorney Fees and Costs* that day, as requested by Debtor's counsel, and uploaded the revised *Final Judgment Awarding Attorney Fees and Costs* for the court to enter, which the court entered that day, that did not include any "reserv[ation of] jurisdiction to enter a Uniform Final Judgment of Foreclosure" language, or or any other "reservation of jurisdiction" language. *See* Exhibit "D" to the *Response to Motion for Stay Relief*.

21.   Later that day, November 7, 2022, Party of Five filed a *Motion to Enter Amended Final Judgment of Foreclosure and to Reset Foreclosure Sale Date* ("*Motion to Amend*"), asserting therein (A) that the Debtor "paid the judgment amount and redeemed the property before the Court could adjudicate Plaintiffs Motion for Attorney's Fees and Costs", and (B) that "[d]ue to the redemption, [] Plaintiff's attorney's fees and costs had not yet been determined or made part of the judgment amount".

22.   However, the record is clear (A) that the Debtor is not to blame, (B) that Party of Five knowingly and voluntarily elected against filing a timely motion to amend the Foreclosure

Judgment, (C) that Party of Five confirmed and ratified such election in several or more ways by prosecuting its claim for fees and costs to a final judgment against the Defendants, not the Property, (D) that the court had lost "jurisdiction, power, [and] control" over the Property, and all ability to "affect" the Property, on June 13, 2022, in accordance with the case law cited above, (E) that the court ratified Party of Five's election when it entered the *Order Granting Motion for Fees/Costs* on August 22, 2022, which provides that "Plaintiff is the prevailing party in this action and is entitled to recover its attorneys' fees and costs incurred **from the Defendants**" (emphasis added), and (F) that the Court ratified Party of Five's election once and for all, and gave Party of Five exactly what it asked for, by entering the *Final Judgment Awarding Attorney Fees and Costs* ("*Final Judgment for Fees/Costs*") that is against the Defendants, not the Property, and, furthermore, does not include (i) any "reserv[ation of] jurisdiction to enter a Uniform Final Judgment of Foreclosure" language, or (ii) any other "reservation of jurisdiction" language.

23.     Party of Five's assertion that the Debtor is to blame for not recovering fees and costs from a sale on June 14, 2022 is untrue, unsupported by the record, and illogical for the additional reason that the successful bidder at a foreclosure sale on June 14, 2022 would have purchased the property free and clear of Party of Five's claim for fees and costs.

24.     But what jumps out at you most, upon reading the *Motion to Amend*, is that Party of Five was requesting that the *Foreclosure Judgment* be amended, not the *Final Judgment for Fees/Costs* that was already the final judgment for fees and costs.

25.     Nevertheless, the Debtor does not need to take issue with the *Motion to Amend*, and show the flaws in Party of Five's legal argument and that the cases cited therein do not support the court entering a second final judgment against the Debtor for the same fees and costs,

since the court, on January 6, 2023, entered the *Amended Uniform Final Judgment of Foreclosure* ("*Amended Foreclosure Judgment*") that is Exhibit "E" to the *Response to Motion for Stay Relief*.

26.     Contrary to Party of Five's assertion, the *Amended Foreclosure Judgment* is not an amended *Final Judgment for Fees/Costs*. Such is clear (A) from the title of the "*Amended Foreclosure Judgment*", (B) from it having the same number of pages and paragraphs as the *Foreclosure Judgment*, and (C) from it having the language in its paragraphs as the *Foreclosure Judgment*. In fact, the only material difference between the *Amended Foreclosure Judgment* and the *Foreclosure Judgment* is in paragraph three (3), and paragraph three (3) shows, beyond any doubt, that the court did not include <u>any</u> fees or costs in the $144,713.95 judgment amount that is in the *Amended Foreclosure Judgment*.

27.     The *Amended Foreclosure Judgment* is Exhibit "E" to the *Response to Motion for Stay Relief*. Paragraph three (3) of the *Amended Foreclosure Judgment* is attached hereto as Exhibit "E", for the convenience of the reader. In paragraph three (3), (A) "$144,713.95" is "Principal due on the note . . .", (B) that number is carried down and becomes the "SUBTOTAL" since interest, late charges, and all other items above "SUBTOTAL" are "$0"; (C) "Attorney's fees" of $135,772.00" is below "SUBTOTAL" and above "TOTAL SUM"; (D) "Costs" of $8,944.95" is below "SUBTOTAL" and above "TOTAL SUM"; the "TOTAL SUM" is "144,713.95", which is the same as the "SUBTOTAL"; and (E) therefore, the attorney's fees and costs are not included in the $144,713.95 judgment amount since (i) it was $144,713.95 before consideration of the attorney's fees and costs, and (ii) it was $144,713.95 after consideration of the attorney's fees and costs.

28.     In fact, the *Amended Foreclosure Judgment* reduced the judgment/redemption amount from $780,748.34 to $144,713.95, which is clear from a review of the entirety of the *Amended Foreclosure Judgment* and *Foreclosure Judgment*, including (A) (i) that the title of the judgments is the same, (ii) that the judgments have the same number of pages and paragraphs, and (iii) that the judgments have the same language in the paragraphs, and (B) more specifically, that both judgments state on page one (1) that they are "[b]ased on the evidence presented" "on May 2, 2022 [at] a non-jury trial."

29.     Because the *Amended Foreclosure Judgment* reduced the judgment/redemption amount from $780,748.34 to $144,713.95, and because CPT redeemed the Property for $780,784.34 prior to entry of the *Amended Foreclosure Judgment*, Party of Five is in possession of $636,034.39 that belongs to the Debtor.

30.     The Debtor appealed the *Foreclosure Judgment*, prior to entry of the *Amended Foreclosure Judgment*, because (A) it disagreed with the court's finding as to the amount owed under the Notes and Mortgages, and (B) it disagreed with the court's entry of judgment against the Debtor on all four (4) of its Counterclaims, pursuant to which the Debtor was seeking damages of $525,000.00 plus interest, fines, fees, and lost profits. *See Defendants' List of Special Damages* filed in Case No. 20-CA-007143 on August 26, 2021, attached hereto as Exhibit "F".

31.     The Debtor dismissed that appeal after the *Amended Foreclosure Judgment* became a final order because $144,713.95 was close enough to the number that it believed was owed to Party of Five.

32.     The Debtor's appeal of the *Final Judgment for Fees/Costs* is still pending before the Second District Court of Appeal, Case No. 20-CA-007143.

**The Twelve (12) Curtis Factors Applied to**
**Party of Five's Request for Stay Relief to Proceed with a Public Sale**

Whether stay relief would result in a partial or complete resolution of the issues

33.      This first Curtis Factor weighs against stay relief because (A) all issues in Case No. 20-CA-007143 have been resolved, (B) no issue will be resolved by a public sale, (C) in fact, stay relief will cause litigation since (i) the *Amended Foreclosure Judgment* is not an amended *Final Judgment for Fees/Costs*, (ii) no part of the $144,713.95 *Amended Foreclosure Judgment* is fees or costs, and (iii) Party of Five is in possession of $636,034.39 that belongs to the Debtor under the *Amended Foreclosure Judgment*, and its reduction of the judgment/redemption amount from $780,748.34 to $144,713.95, (D) although Party of Five states that it would not be foreclosing the Debtor's interest in the Property, the successful bidder at a sale could believe that it is buying the Property free and clear of the Debtor's interest in the Property, that it has the right to serve a writ of possession on the Debtor because of the language in paragraph sixteen (16) of the Amended Foreclosure Judgment or otherwise, that it has the right to reforeclose against the Debtor, or that it can get possession against the Debtor in other ways, (E) although it is the position of the Debtor that the Long Term Lease, and interests of the Debtor's co-tenant in the Long Term Lease, would not foreclosed by a public sale, the successful bidder could easily believe otherwise and seek possession against THPC in one (1) or more of the ways described above, which would result in the Debtor being involved in such litigation since the Debtor is a co-tenant with THPC, (F) because CPT is is not a party to Case No. 20-CA-007143, it is the Debtor's position that CPT's fee interest in the Property would not be foreclosed

at a public sale;[1] however, the successful bidder could easily believe otherwise and seek possession against CPT in one (1) or more of the ways described above, which would result in claim(s) by CPT against the Debtor; and (G) in fact, it is highly unlikely that a successful bidder would believe that he/she/it is not buying the fee interest in the property, and, therefore, it is highly unlikely that stay relief would not cause litigation, as to whether CPT or the successful bidder is the Debtor's landlord;

#### The lack of any connection with or interference with the bankruptcy case.

34.     This second Curtis Factor weighs against granting stay relief for the same reasons that the first Curtis Factor does, as stated above.

#### Whether the other proceeding involves the debtor as a fiduciary.

35.     This third Curtis Factor is either neutral or weighs against granting stay relief since the Debtor (A) is not a defendant in Case No. 20-CA-007143 in a fiduciary capacity, (B) is a party in its own capacity, (C) has an interest in the litigation, and (D) would be affected by a public sale in numerous ways, including but not limited to those ways stated above in paragraph thirty three (33).

---

1   *See Sedra Family Ltd. Partnership v. 4750, LLC*, 124 So.3d 935 (Fla. 4th DCA 2012) ("[b]ecause it was not a party to the original proceedings, the tenant still has a possessory interest which has not been foreclosed in the property") *citing Commercial Laundries, Inc. v. Golf Course Towers Assocs.*, 568 So.2d 501, 503 (Fla. 3d DCA 1990) ("the trial court lacked jurisdiction to invalidate Commercial's lease upon the request of the receiver where Commercial was not a party to the foreclosure action"; and "[a]s a nonparty to the main action, Commercial's interest cannot be affected by the final judgment"). *See also Page v. Cop*, 506 So.2d 1135 (Fla. 2d DCA 1987) ("[s]ince Bud Page Realty, Inc., and The Florida Group, Inc., were not parties to the litigation, their interests are not affected by the final judgment") *citing Baltzell v. Daniel*, 111 Fla. 303, 149 So. 639 (1933).

Whether a specialized tribunal with the necessary
expertise has been established to hear the cause of action.

36.     This fourth Curtis Factor is either neutral or weighs against granting stay relief since (A) all issues in Case No. 20-CA-007143 have been resolved, (B) no issue will be resolved by a public sale, and (C) this Court is the specialized tribunal with the necessary expertise to hear and resolve the remaining issues concerning (i) Party of Five's claim for $144,713.95, and whether it is secured, as Party of Five contends, or under the Final Judgment for Fees/Costs, and therefore unsecured, (iii) the Debtor's claim against Party of Five for $636,034.39 under the Amended Foreclosure Judgment, and (iv) if the $636,034.39 is property of the estate as the Debtor contends, how it is distributed.

Whether the debtor's insurance has assumed full responsibility for defending the litigation.

37.     The fifth Curtis Factor is either neutral or weighs against granting stay relief since (A) the Debtor does not have such insurance, (B) the Debtor does not need such insurance since all issues in Case No. 20-CA-007143 have been resolved, (C) however, stay relief would cause litigation, for the reasons stated in paragraph thirty three (33) above, and (D) the Debtor does not have insurance that would pay the attorney's fees and costs that it would incur because of that litigation.

Whether the action involves primarily third parties.

38.     The sixth Curtis Factor is either neutral or weighs against granting stay relief since the Debtor (A) is the primary party in Case No. 20-CA-007143, (B) has an interest in the

13

action, and (C) would be affected by a public sale in numerous ways, including but not limited to those ways stated above in paragraph thirty three (33).

Whether litigation in another forum would
prejudice the interests of other creditors or interested parties.

39. The seventh Curtis Factor weighs against granting stay relief, and stay relief would prejudice the interests of other creditors or interested parties, because it would cause litigation, for the reasons stated above in paragraph in thirty three (33), that would have a negative effect on the Debtor, CPT, and THPC, and, consequently, have a negative effect on other creditors and interested parties.

40. In addition, allowing Party of Five to take $144,713.95 from the estate that it is not entitled would prejudice the interests of other creditors and interested parties, because there is no reason to believe that the estate would be able to recover those funds, particularly since Party of Five is already in possession of $636,034.39 that belongs to the Debtor.

Whether the judgment claim arising from the other action is subject to equitable subordination.

41. This eighth Curtis Factor weighs against granting stay relief since: (A) Party of Five has engaged in inequitable conduct; (B) such conduct has injured creditors or given unfair advantage to Party of Five; and (C) subordination of its claim is not inconsistent with the Bankruptcy Code. *See Estes v. N & D Prop., Inc.*, (*In re N & D Prop., Inc.*), 799 F.2d 726, 731 (11th Cir. 1986) *citing In re Mobile Steel*, 563 F.2d 692 (5th Cir. 1977).

14

42.     Party of Five is not entitled to recover $144,713.95 from the Property, and that is clear from the four (4) corners of the Amended Foreclosure Judgment.  It would be through inequitable conduct that Party of Five recovers $144,713.95 from the Property for the additional reasons (A) that it knowingly and voluntarily elected against filing a timely motion to amend the Foreclosure Judgment to include fees and costs, (C) it confirmed and ratified such election in several or more ways by prosecuting its claim for fees and costs to a final judgment against the Defendants, not the Property, (D) it knew when it filed the *Motion to Amend* that the court had lost "jurisdiction, power, [and] control" over the Property, and all ability to "affect" the Property, (E) it knows, and knew when it filed the Motion to Amend, that it is not entitled to two (2) final judgments for the same fees and costs, and (F) it is asking this Court to grant stay relief so that it can recover $144 in fees and costs from the Property under the Amended Foreclosure Judgment, while, at the same time, the Official Records of Hillsborough County reflect that it has another judgment, the Final Judgment for Fees/Costs, of  $144,713.95 against the Debtor for the same fees and costs.

43.     Party of Five taking $144 from the estate that it is not entitled will result in injury to the other creditors and interested parties and confer an unfair advantage on Party of Five.

44.     Equitable subordination would not be inconsistent with any bankruptcy law under such facts and circumstances.  .


<u>Whether movant's success in the other proceeding<br>would result in a judicial lien avoidable by the debtor.</u>

45.     This ninth Curtis Factor weighs against granting stay relief since a public sale would be futile.  *See Builders and Remodelers, Inc. v. Hanson*, 20 B.R. 440 (Bkrtcy. Mn. 1982)

("[s]ince modification of the stay and permission to proceed in the state court would be a futility, and no reason exists under the present Code to intervene and delay granting of a discharge to the debtors: IT IS ORDERED that the above captioned adversary proceeding [seeking modification of the stay to permit the continuance of the state court civil action] should be and the same hereby is dismissed.")

46.     More specifically, a public sale would be futile since (A) the Debtor's interest in the property would not be foreclosed, (B) the Long Term Lease and the interests of the Debtor's co-tenant, THPC, in the Property would not be foreclosed, and (C) the fee interest of CPT would not be foreclosed

<u>The interest of judicial economy and the expeditious and economical resolution of litigation.</u>

47.     The tenth Curtis Factor weighs against stay relief for the same reasons that the first Curtis Factor does.

<u>Whether the parties are ready for trial in the other proceeding.</u>

48.     The eleventh Curtis Factor is neutral.

<u>Impact of the stay on the parties and the balance of harms.</u>

49.     The twelfth Curtis Factor weighs against stay relief because (A) Party of Five would be taking $144,713.95 from the estate that it is not entitled, (B) of the litigation that stay relief would cause, as stated above in paragraph thirty three (33), (C) the prejudice to other creditors and interested parties that stay relief would cause, as stated above in paragraph thirty

nine (39), and, specifically, THPC and CPT, and (D) Party of Five would suffer no harm since it is not entitled to recover $144,713.95 from the Property.  In fact, the Debtor will be filing a Plan that provides for Party of Five to receive 100% of the $144,713.95 that it is owed under the *Final Judgment for Fees/Costs*, without offset because of the $636,034.39 that Party of Five owes it under the *Amended Foreclosure Judgment*.

50.    For all of those reasons, the Court should deny Party of Five's request for stay relief to proceed to a public sale of the Property.

### Party of Five's Request for Stay Relief to Proceed with the Appeal

51.    Party of Five is requesting stay relief to proceed with a public sale of the Property based on its assertion that its fee and cost award is the $144,713.95 that is in the *Amended Foreclosure Judgment*, while, at the same time, requesting stay relief to proceed forward with the Debtor's appeal of the *Final Judgment for Fees/Costs* that was entered because of that same fee and cost award.

52.    If Party of Five truly believed that the $144,713.95 fee and cost award is in the Amended Foreclosure Judgment, then it would not be taking the position that the same fee and cost award is in the *Final Judgment for Fees and Costs*.  A firm position by Party of Five would render the appeal moot.  Because it has not taken a firm position, the Debtor does not object to stay relief so that the appeal may proceed forward.

Conclusion

17

54.     For the reasons stated above, the Debtor objects to stay relief for Party of Five to proceed with a public sale of the Property and requests that Party of Five's *Motion to Amend* be denied as to a public sale of the Property.

55.     For the reasons stated above, the Debtor does not object to stay relief for the Debtor's appeal of the *Final Judgment for Fees/Costs*, Case No. 20-CA-007143, to proceed before the Second District Court of Appeal.

WHEREFORE, the Debtor, TAMPA HYDE PARK CAFE PROPERTIES, LLC, respectfully requests, for the reasons stated herein and in *Debtor's Objection and Response to Party of Five Investments, LLC's Motion for Relief from Automatic Stay to Proceed with Foreclosure Sale and Appeal (Doc. 48)*, which is Doc. 57, that the Court enter an Order (A) denying the request of Party of Five Investments, LLC ("Party of Five") to proceed with a public sale of the Property, (B) granting stay relief for the Debtor's appeal of the *Final Judgment for Fees/Costs*, Case No. 20-CA-007143, to proceed before the Second District Court of Appeal, if Party of Five decides against filing a Satisfaction of the Final Judgment for Fees/Costs, and (C) providing for any other or further relief that is appropriate.

/s/ W. Bart Meacham
W. Bart Meacham
308 E. Plymouth St.
Tampa, FL   33603-5957
Florida Bar Number:   43000
Telephone:   (813) 223-6334
Facsimile:   (813) 425-6969
e-mail: wbartmeacham@yahoo.com
*Attorney for Debtor*

**CERTIFICATE OF SERVICE**

18

I hereby certify that a copy of this *Supplement to Response to Motion for Stay Relief* has been served on April 10, 2023, by U.S. mail or by filing with CM/ECF, on the Office of the United States Trustee, 501 E. Polk Street, Room 1200, Tampa, Florida 33602, and all other parties in interest.

/s/ W. Bart Meacham

# Exhibit "A"

## ASSIGNMENT OF RIGHTS

Tampa Hyde Park Café Properties, LLC, ("Assignor"), in consideration of ten dollars ($10.00) and other good and valuable consideration, does hereby absolutely and unconditionally assign to CPT Acquisitions, LLC ("Assignee"):

A. All of Assignor's rights of redemption, under Statute and common law, to redeem the real property described on Exhibit A ("Property") from the foreclosure sale scheduled on June 14, 2022, in the Circuit Court for Hillsborough County; and

B. If requested by Assignee, Assignor will execute a quitclaim deed to the Property in favor of Assignee; and

C. By virtue of the redemption, Assignor acknowledges that Assignee is entitled to all tangible, intangible, development and all other rights associated with the Property and Assignor shall make no claim thereto.

The rights assigned hereunder are assigned "AS-IS" and without any recourse against Assignor. Assignee is assuming no debt associated with the Property, nor any obligation to pay amounts, if any, due any Mortgagee or holder of any lien against the Property. Assignor hereby indemnifies and agrees to hold Assignee harmless of any claims relating to the Property. This Assignment also acts as Assignor's official written authorization for Assignee to redeem the Property.

Dated: June 13,2022

TAMPA HYDE PARK CAFE PROPERTIES, LLC

By:

FURTHER AFFIANT SAYETH NOT

Thomas Ortiz

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH
I hereby certify that on this day, before me, a Notary Public, duly authorized in the state

Exhibit "1"

and county named above to take acknowledgments, personally appeared Thomas Ortiz who is personally known to me or produced a drivers license as identification and who signed this in my presence.

Witness my hand and seal in the county and state named above this day of June, 13 2022.

Notary Public, Commission No. HH128696
(Notary name: typed, printed or stamped)

**State Of Florida**
**County Of Hillsborough**

Exhibit "1"

# Exhibit "B"

ASSIGNMENT OF LEASE

This assignment of Lease is entered into on June 15, 2022, between Tampa Hyde Cafe Café, LLC, ("THPC") current tenant, Tampa Hyde Park Café Properties, LLC ("THPC") new co-tenant, and CPT Acquisitions, LLC, ("CPT") Landlord.

It is agreed that THPC assigns its right under its lease entered into in July of 2000, to THPC and THPCP as co-tenants.  CPT agrees to the assignment.

The parties agree to cooperate with the signing of any other necessary documentation in the future.

_____
Tampa Hyde Park Café, LLC

_____
Tampa Hyde Park Café Properties, LLC

_____
CPT Acquisitions, LLC

# Exhibit "C"

## Fee hearing Order

From:  Liben Amedie (liben@libenlaw.com)

To:     wbartmeacham@yahoo.com

Cc:     TPoulakidas@libenlaw.com

Date:  Thursday, November 3, 2022 at 07:13 PM EDT

Bart,

Attached please find a draft order for the hearing we had this week.  Please respond by noon on Monday and let me know if there is anything I should add or change.  If I don't hear from you, I will assume you approve the order and submit to the Court.

**Liben M. Amedie**
*Attorney at Law*
**The Liben Law Firm**
777 S. Harbour Island Blvd., Suite 940
Tampa, FL 33602
813.344.3422
813.354.2731 fax
Liben@libenlaw.com
www.libenlaw.com

 Order Awarding Plaitniffs Attorney Fees and Costs (Draft - TP)2.docx
17.3kB

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION**

PARTY OF FIVE INVESTMENTS, LLC,
a Florida Limited Liability Company,

    Plaintiff,

vs.                Case No: 20-CA 007143

TAMPA HYDE PARK CAFÉ PROPERTIES,
LLC, et. al.

    Defendants.

_____/

### FINAL JUDGMENT AWARDING ATTORNEY FEES AND COSTS

This cause came before the Court for evidentiary hearing November 1, 2022, to determine the amount of Plaintiff, Party of Five Investment, LLC's ("Plaintiff") attorney's fees and costs to be awarded in this action. The Court had previously determined that Plaintiff, as the prevailing party, is entitled to recover from Defendants, Tampa Hyde Park Café, LLC, Thomas Ortiz and Christopher Scott ("Defendants") the attorney fees and costs incurred to prosecute this action.

The Court considered the evidence presented by Plaintiff and heard testimony from Plaintiff's counsel, Liben Amedie, Esq., and Ron Cohn, Esq., as to the attorney fees and costs incurred by Plaintiff in connection with this matter. The Court also heard testimony from Plaintiff's expert witness, retired judge Gregory Holder, Esq., as to the reasonableness of Plaintiff's attorney fees. Defendants did not present any evidence nor call any witnesses to refute the evidence and testimony presented by Plaintiff. Accordingly, for the reasons stated in open court and recorded, it is **ORDERED AND ADJUDGED**; as follows:

1.      The Court, having considered the testimony and evidence presented, arguments of counsel, and otherwise being duly advised, finds that there has been competent substantial evidence regarding a suitable foundation for an objective structure and fee calculations based on factors set forth in *Florida Patients Compensation Fund v. Roe,* 475 So.2d 1145 (Fla. 1985)

2.      The Court finds the hourly rates for Plaintiff's counsel, Liben Amedie, Esq., and his laws firm are reasonable.

3.      The Court finds the 272.90 hours billed by Liben M. Amedie, Esq., and his law firm are reasonable.  Plaintiff is entitled to recover from Defendants $100,243.00 for the attorney fees Plaintiff incurred for services rendered by Liben M. Amedie, Esq., and his law firm.

4.      The Court finds the costs incurred to prosecute this action are reasonable. Plaintiff is entitled to recover from Defendants $8,558.71 for the costs Plaintiff incurred in connection with the services rendered  by Liben M. Amedie, Esq., and his law firm.

5.      The Court finds the hourly rates for Plaintiff's counsel, Rohn Cohn, Esq., are reasonable.

6.      The Court finds the 76.6 hours billed by Rohn Cohn, Esq., are reasonable. Plaintiff is entitled to recover from Defendants $26,394.00 for the attorney fees Plaintiff incurred for services rendered by Rohn Cohn, Esq.

7.      The Court finds the costs incurred by Rohn Cohn, Esq., are reasonable.  Plaintiff is entitled to recover from Defendants $386.24 for the costs Plaintiff incurred in connection with the services rendered  by Rohn Cohn, Esq.

8.      Retired judge Greg Holder, Esq., testified that his expert fees for services rendered in this matter was $9,135.00.

9. The Court finds retired judge Greg Holder, Esq.'s expert fees are reasonable. Plaintiff is entitled to recover from Defendants $9,135.00 for the expert fees Plaintiff incurred for services rendered by retired judge Greg Holder, Esq.

10. In sum, the Court finds Plaintiff is entitled to recover from Defendants $144,713.95 for the attorney fees and costs incurred in connection with this matter.

11. Plaintiff, Party of Five Investments, LLC, whose address is 226 Sydney Lane, Redington Shores, FL 33708, shall recover from Defendants, Tampa Hyde Park Café Properties, LLC, whose address is 303 South Melville Avenue, Tampa, FL 33606; Thomas Ortiz, whose address is 303 South Melville Avenue, Tampa, FL 33606; and Christopher Scott, whose address is 371 Channelside Walk Way, Unit 702, Tampa, FL 33602, the total sum of $144,713.95. Defendants are jointly and severally liable for the amount which shall bear interest at 4.75% FOR WHICH LET EXECUTION ISSUE.

12. The Court reserves jurisdiction to enter a Uniform Final Judgment of Foreclosure in the amount of $144.713.95 and to set the foreclosure sale.

**DONE AND ORDERED** in Chambers at Hillsborough County, Tampa, Florida, this _____ day of June 2022.

THE HONORABLE MELISSA M. POLO
CIRCUIT COURT JUDGE

Copies furnished to all counsel of record.

# Exhibit "D"

## Re: Fee hearing Order

From:   Bart Meacham (wbartmeacham@yahoo.com)

To:     liben@libenlaw.com

Cc:     TPoulakidas@libenlaw.com

Date:   Monday, November 7, 2022 at 02:31 AM EST

Liben:

Please remove the last paragraph of your proposed Order. The Court did not reserve jurisdiction to enter a Uniform Final Judgment of Foreclosure.

W. Bart Meacham
813-223-6334

Sent from Yahoo Mail on Android

> On Thu, Nov 3, 2022 at 7:13 PM, Liben Amedie <liben@libenlaw.com> wrote:
>
> Bart,
>
> Attached please find a draft order for the hearing we had this week.  Please respond by noon on Monday and let me know if there is anything I should add or change.  If I don't hear from you, I will assume you approve the order and submit to the Court.
>
> **Liben M. Amedie**
> *Attorney at Law*
> **The Liben Law Firm**
> 777 S. Harbour Island Blvd., Suite 940
> Tampa, FL 33602
> 813.344.3422
> 813.354.2731 fax
> Liben@libenlaw.com
> www.libenlaw.com

# Exhibit "E"

**$144,713.95. For any difference between the estimated amount in controversy and the actual value of the claim that requires the filing fee to be adjusted, the clerk shall adjust the filing fee. In determining whether the filing fee needs to be adjusted, the following graduated filing fee scale in section 28.241(1)(a)2.d., Florida Statutes, controls:**

| | |
|---|---|
| **$400** | **Value of claim less than or equal to $50,000 with 5 defendants or less** |
| **$905** | **Value of claim greater than $50,000 but less than $250,000 with 5 defendants or less** |
| **$1,905** | **Value of claim $250,000 or greater with 5 defendants or less** |

**If an excess filing fee was paid, the clerk shall provide a refund of the excess fee. If an additional filing fee is owed, the plaintiff shall pay the additional fee prior to the judicial sale. If any additional filing fee owed is not paid prior to the judicial sale, the clerk shall cancel the judicial sale without further order of the court.**

3.  **Amounts Due.** There is due and owing to plaintiff the following:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $144,713.95 |
| Interest on the note and mortgage from 1/1/2020 to 5/2/2022 | $0 |
| Per diem interest at % 5.52 from 1/5/2023 to _____ | $0 |
| Late Charges between 1/1/2020 and 8/1/2020 | $0 |
| Escrow Advances | $0 |
| Title search expenses | $0 |
| Taxes for the year(s) of _____ | $0 |
| Insurance premiums | $0 |
| Court costs: | |
| • Filing fee | $0 |
| • Service of Process at $_____ per defendant | $0 |
| • Publication for _____ | $0 |
| | |
| SUBTOTAL | $ |
| Additional Expenses, Fees and Costs: | $0 |
| Bank of Tampa Loan Payoff | $0 |
| Late Fees and Accrued Interest Prior to Consolidation | $0 |
| Property Taxes | $0 |
| Returned Checks | $0 |
| | |
| SUBTOTAL | $144,713.95 |
| | |
| Attorney's fees total: | $135,772.00 |
| Costs: | $8,944.95 |
| Less: Undisbursed escrow funds | $0 |
| Less: Unearned insurance premiums | $0 |

| Less:  Miscellaneous deductions or credits | $0 |
| --- | --- |
| | |
| **TOTAL SUM** | **$144,713.95** |

4.      **Interest**.  The total sum referenced in Paragraph 3 shall bear interest from this date forward at the rate of interest set forth in section 55.03, Florida Statutes.

5.      **Lien on Property.**  Plaintiff, whose address is 226 Sydney Lane, Redington Shores, Florida 33708, holds a lien for the total sum specified in Paragraph 3 herein.  The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to sections 718.116 or 720.3085, Florida Statutes. Plaintiff's lien encumbers the subject property located in Hillsborough County, Florida and described as:

(LEGAL DESCRIPTION)

Property Address:  Lots 10 and 11, Block 20, OSCAWANA , according to plat thereof as recorded in Plat Book 4, Page 85, of the Public Records of Hillsborough County, Florida.

AND

Lot 8, Block 21, OSCAWANA , according to plat thereof as recorded in Plat Book 4, Page 85, of the Public Records of Hillsborough County, Florida; together with the West 1/2 of closed right of way abutting thereon.

6.      **Sale of Property.**  If the total sum with interest at the rate described in Paragraph 4 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property to the highest bidder for cash at public sale on February 7, 2023, at 10:00 A.M. after having first given notice as required by Section 45.031, Florida Statutes.  The judicial sale will be conducted electronically online at the following website: http://www.hillsborough.realforeclose.com.  At least three (3) days prior to the sale, plaintiff must pay the costs associated with the Notice of Publication.  The party or their attorney shall be responsible for preparing, in accordance with section 45.031(2), Florida Statutes, and submitting the Notice of Sale to a legal publication.  The original Notice of Sale and Proof of Publication must be filed with the Clerk of the Circuit Court at least 24 hours prior to the scheduled sale date.

7.      **Court Costs.**  Plaintiff shall advance all subsequent required costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale.  If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. *If a third party bidder is the purchaser, the third party bidder must pay the documentary stamps attached to the certificate of title in addition to the bid.*

# Exhibit "F"

<u>Defendants' List of Special Damages</u>

$525,000 plus interest, fines, and fees resulting from Defendant not having the $525,000 to pay toward interest, fines, and fees.  Defendants also have lost profits and opportunity cost damages resulting from not having the $525,000 to invest.