ORDERED.

**Dated:  August 23, 2023**

_____

Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                Case No. 8:23-bk-00448-CED
                                                                       Chapter 7

Tampa Hyde Park Café Properties, LLC,

              Debtor.
_____/

**ORDER DENYING DEBTOR'S (I) REQUEST FOR EMERGENCY HEARING,
AND (II) VERIFIED EMERGENCY MOTION FOR ORDER ENJOINING
THE CLERK OF STATE COURT FROM DISBURSING REDEMPTION FUNDS
TO PARTY OF FIVE INVESTMENTS, LLC**

THIS CASE came before the Court without a hearing to consider _Debtor's, Tampa Hyde Park Café Properties, LLC's, (I) Request for Emergency Hearing, and (II) Verified Emergency Motion for Order Enjoining the Clerk of State Court from Disbursing Redemption Funds to Party of Five Investments, LLC._ (the "Motion").[1] For the reasons explained in this Order, the Motion is denied.

On February 7, 2023, Debtor filed a Chapter 11 bankruptcy petition. As of the petition date, Debtor claimed a leasehold interest in property that Debtor previously owned at 1802 W. Platt Street, Tampa, Florida 33606 (the "Property").[2]  Debtor has asserted that, as of the petition date, the Property was owned by CPT Acquisitions, LLC ("CPT").

_____

[1] Doc. No. 277.
[2] Doc. No. 33, p. 6.

Prior to Debtor's bankruptcy filings, in 2020, Party of Five Investments, LLC ("Party of Five") commenced a foreclosure proceeding of the Property in the Circuit Court of the Thirteenth Judicial Circuit (the "State Court") captioned *Party of Five Investments, LLC v. Tampa Hyde Park Café Properties, LLC, et al.,* Case Number 20-CA-007143. Debtor, at that time the owner of the Property, was named as a defendant.

On May 19, 2023, the Court entered an order granting Party of Five's motion for relief from the automatic stay, permitting it to proceed with its State Court foreclosure action against CPT, the alleged owner of the Property.[3] Thereafter, Party of Five obtained a second amended judgment of foreclosure that set a foreclosure sale date of August 22, 2023.

On June 27, 2023, the Court converted Debtor's Chapter 11 case to a case under Chapter 7.[4] Angela Welch serves as the Chapter 7 trustee of the bankruptcy estate.[5]

Subsequently, Debtor filed an emergency motion to cancel the August 22, 2023 foreclosure sale[6] to which Party of Five filed a response.[7] The Court held a hearing on the emergency motion to cancel the foreclosure sale on August 14, 2023, after which it entered an order (1) permitting Party of Five to proceed with a scheduled foreclosure sale of the Property on August 22, 2023, subject to Debtor's leasehold interest; and (2) voiding the second amended foreclosure judgment's award of additional attorney's fees in the amount of $22,388.00, *to the extent that the award was a judgment against Debtor,* as a violation of the automatic stay.[8]

In the Motion, Debtor asserts that CPT redeemed the Property the day before the August 22, 2023 scheduled foreclosure sale by paying $175,238.51 (the "Redemption Funds") to the clerk of the

---

[3] Doc. No. 137.
[4] Doc. No. 171.
[5] Doc. No. 175.
[6] Doc. No. 252.
[7] Doc. No. 262.
[8] Doc. No. 271.

State Court.[9] Debtor asks the Court to enjoin the clerk of the State Court from disbursing the Redemption Funds to Party of Five on three grounds:  (1) the Redemption Funds are property of the estate; (2) Party of Five is not entitled to $22,388.00 of the Redemption Funds, because the award of that amount was void; and (3) Party of Five will not be prejudiced by the injunction, because Debtor filed the Motion as a result of Party of Five's violation of the stay.[10]

Under Federal Rule of Bankruptcy Procedure 7001(7), a proceeding to obtain an injunction or other equitable relief is an adversary proceeding governed by the rules of Part VII and must be commenced by the filing of a complaint.[11] Therefore, the Motion is procedurally improper and must be denied on that basis. Moreover, even if the request for injunctive relief were properly filed, the Motion should be denied on its merits for the following reasons:

First, Debtor alleges that CPT—not Debtor—paid the Redemption Funds.[12]

Second, to the extent that any portion of the Redemption Funds is property of the bankruptcy estate—as Debtor alleges in the Motion—the claim to recover the funds belongs to the Chapter 7 Trustee. Under 11 U.S.C. § 704, the duties of the Chapter 7 trustee include collecting and reducing to money the property of the estate for which the trustee serves.[13]

Third, Debtor cannot establish that the Chapter 7 estate will suffer irreparable injury if the injunction is not entered, because the estate can be compensated by monetary damages if it ultimately

---

[9] Doc. No. 277, ¶ 18.
[10] Doc. No. 277, ¶ 19.
[11] Fed. R. Bankr. P. 7001(7).
[12] Doc. No. 277,  ¶ 18.
[13] 11 U.S.C. § 704(a)(1).

prevails on the claim.[14] "[W]hen the injury can be compensated by damages, it is not a basis for a preliminary injunction absent other extraordinary circumstances."[15]

Fourth, under principles of comity and respect for the State Court's procedures, the Court will not interfere with the redemption process and the State Court's redemption procedures.

> The comity doctrine preserves proper federal court respect for state court rulings: There is a strong public policy grounded in the interest of comity between federal and state courts and the notion of federalism, that federal courts should not unnecessarily interfere with state court proceedings.[16]

Accordingly, it is

**ORDERED** that the Motion (Doc. No. 277) is **DENIED.**

The Clerk's office is directed to serve a copy of this Order on interested parties.

---

[14] The four prerequisites for a preliminary injunction are (1) the movant has a substantial likelihood of success on the merits, (2) the movant will suffer irreparable injury unless the injunction is issued, (3) the threatened injury to the movant outweighs the injury of the proposed injunction to the opposing party, and (4) the injunction would not be adverse to the public interest. *In re Gerard*, 2020 WL 272756, at *2 (Bankr. N.D. Ga. Jan. 17, 2020) (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)).

[15] *In re Gerard*, 2020 WL 272756, at *3-4 (citing *Moon v. Medical Tech. Assoc., Inc.*, 577 F. App'x 934, 937 (11th Cir. 2014) and Federal Practice and Procedure (Wright & Miller) § 2948.1 (3d. ed.)).

[16] *In re Times Square JV LLC*, 648 B.R. 277, 287 (Bankr. S.D.N.Y. 2023) (quoting *In re Brick House Properties, LLC*, 633 B.R. 410, 422 (Bankr. D. Utah 2021)). *See* 28 U.S.C. § 1334(c)(1).