**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In Re:

Tampa Hyde Park Cafe Properties, LLC,          Case No.: 8:23-bk-00448-CED
                                               Chapter 7

        Debtor.
                                          /

**TRUSTEE'S MOTION TO APPROVE COMPROMISE**
**WITH DEBTOR AND ITS INSIDERS AND AFFILIATES**

*Hearing Requested on September 25, 2023 at 2:00 p.m.*

Angela Welch, Chapter 7 Trustee for the Estate of Tampa Hyde Park Café Properties, LLC ("Trustee"), by undersigned counsel and pursuant to Section 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019, moves for approval of a compromise with the Debtor, Tampa Hyde Park Cafe Properties, LLC ("Debtor" or "THPCP"), and its alleged insiders and affiliates, including CPT Acquisitions, LLC ("CPT"), Hyde Park Cafe, LLC ("HPC"), Tampa Hyde Park Cafe, LLC ("THPC"), Peter Hannouche, Thomas Ortiz, and Christopher Scott.  In support, the Trustee states as follows:

**BACKGROUND**

1.      The Debtor commenced this case by filing a petition for relief under Chapter 11 of the Bankruptcy Code on February 7, 2023 (the "Petition Date").

**A.      Pre-Bankruptcy Transactions Involving Platt Street Property.**

2.      Prior to the Petition Date, the Debtor owed the real property located at 1802-1806 W. Platt Street (the "Property"), which it leased to THPC pursuant to a long-term (99 year inclusive of options) master lease (the "Master Lease").

1

3. On or about June 13, 2022, the Debtor executed an Assignment of Rights (the "AOR") in favor of CPT, pursuant to which CPT purchased the Debtor's right of redemption in the action styled *Party of Five Investments, LLC v. Tampa Hyde Park Café Properties, LLC*, Case No. 20-CA-007143 (the "Party of Five Action"). On June 13, 2022, the Debtor also executed a Quit Claim Deed in favor of CPT by which the Debtor transferred its interest in the Property to CPT, which Quit Claim Deed was recorded on November 2, 2022 in the Official Public Records of Hillsborough County, Florida at Instrument No. 2022523168. Additionally, in connection with the AOR, the Debtor executed an Assignment of Lease (the "AOL"), pursuant to which the Debtor purported to assign its rights under the Master Lease to THPC as co-tenant and CPT as landlord.

4. On or about September 15, 2022, CPT allegedly finalized an agreement to sell the operating business at the Property to Westcoast Acquisitions, LLC ("Westcoast"). Under the terms of the Westcoast transaction, CPT and Westcoast allegedly finalized, among other documents, a: (i) Lease Agreement for the Property for a period of ten (10) years under which the Liquor License is purportedly required to remain attached to the Property (the "Operating Lease"); (ii) a Supplemental Agreement Regarding Option to Purchase Liquor License (the "APA"); (iii) a Promissory Note; (iv) Security Agreement and Chattel Mortgage; (v) and Bill of Sale (collectively referred to as the "Westcoast Transaction"). The Westcoast Transaction allegedly contemplated that Westcoast would purchase and operate the bar at the Property for a period of ten (10) years and, in so doing, purchase the Debtor's liquor license, BEV 3900668 (the "Liquor License"), subject to CPT retaining a lien on the Liquor License and an option to repurchase the Liquor License at the conclusion of the Operating Lease term. The Trustee disputes the validity of CPT's lien on and against the Liquor License.

2

5.      The Debtor alleges that Westcoast subsequently defaulted on its obligations under the Westcoast Transaction.  On November 3, 2022, following Westcoast's alleged defaults under the Westcoast Transaction, the Debtor, THPC, CPT, and HPC allegedly entered into a series of pre-petition agreements pursuant to which the parties agreed that HPC would take over Westcoast's position under the Westcoast Transaction, as modified.  Specifically, on November 3, 2022, the parties allegedly entered into a: (i) Memorandum of Understanding (the "MOU"), (ii) Supplement to Operating Lease ("Operating Lease Supplement"); (iii) Supplement to Liquor License Bill of Sale ("Liquor License Supplement"); (iv) Supplement to Promissory Note ("Note Supplement"); and (v) Supplement to Security Agreement and Chattel Mortgage ("Mortgage Supplement") (collectively, the "Supplements").  The Trustee has not reviewed all of the Supplements.

6.      Notwithstanding, pursuant to the Supplements, the parties allegedly agreed, in pertinent part, that (i) HPC would take over the role of the tenant under the Operating Lease with CPT; (ii) the Debtor sold the Liquor License to HPC in exchange for $350,000.00 payable via interest only payments at 12% for ten (10) years followed by a balloon payment; (iii) CPT would retain its mortgage and option to repurchase the Liquor License; (iv) the Debtor would cooperate to facilitate the transfer of the Liquor License to HPC and, in the interim, that HPC would be deemed the "new and true owner" of the Liquor License, and (v) pending issuance of a temporary or permanent license transferring record ownership of the Liquor License to HPC, that the Liquor License would remain "active at all times [so] as not to affect the leased premises wet zoning owned by CPT" which would in turn enable HPC to operate at the Property and fulfill its obligations under the Supplements.  The Trustee disputes the position that HPC could be deemed the "new and true owner" of the Liquor License.

3

**B.**      **The Bankruptcy Case is Converted to Chapter 7.  The Trustee Moves to Reject Certain Alleged Executory Contracts and Leases and to Place the Liquor License on Inactive Status.**

7.      On March 10, 2023, Mary Ida Townson, U.S. Trustee for Region 21 (the "US Trustee"), moved for dismissal or conversion of the case based on the Debtor's alleged failure to provide proof of general liability and/or liquor liability insurance for possible liabilities arising out of HPC's operation of the bar at the Property.

8.      On June 27, 2023, the Court entered Orders converting the case to Chapter 7 (Doc. Nos. 170 and 171) (the "Conversion Orders") based on, among other things, the Debtor's failure to timely obtain substitute counsel following disapproval of the Debtor's application to retain W. Bart Meacham as its general bankruptcy counsel.[1]

9.      On June 27, 2023, Angela Welch was appointed as Chapter 7 Trustee.

10.      On July 10, 2023, the Debtor filed a Motion for Reconsideration of the Conversion Orders (Doc. No. 188) (the "Motion for Reconsideration").  The Court denied the Motion for Reconsideration on July 20, 2023 ("Reconsideration Order") (Doc. No. 217).  The Debtor filed a Notice of Appeal of the Reconsideration Order and Conversion Orders on August 2, 2023 (Doc. No. 234) (the "Conversion Appeal"), which remains pending.

11.      On August 4, 2023, the Trustee filed the following Emergency Motions: (1) Omnibus Motion to Reject Executory Contracts and Leases (Doc. No. 240) ("Motion to Reject"), (2) Motion to Place Liquor License on Inactive Status (Doc. No. 241) ("Motion to Deactivate"); and (3) Motion to Pay License Renewal Fee (Doc. No. 242) (the "Motion to Renew")

---

[1] The Court disapproved the Application to Employ Meacham by order dated May 22, 2023 (Doc. No. 138) (the "Meacham Order").  The Debtor appealed the Meacham Order by Amended Notice of Appeal on July 26, 2023 (Doc. No. 224) (the "Meacham Appeal").

(collectively, the "Trustee Motions").  The Debtor filed an Omnibus Response and Objection (Doc. No. 247) (the "Omnibus Response") on August 9, 2023.

12.    The Court conducted a preliminary hearing on the Trustee Motions and Omnibus Response on August 9, 2023 (the "August 9 Hearing").  As announced on the record at the August 9 Hearing, the Trustee and Debtor have agreed to a settlement in principle consisting of the following material terms (the "Compromise"):

a.    HPC and/or its assignee ("Buyer") will pay $400,000.00, subject to adjustment as set forth in the sale motion (the "Settlement Funds"), to the Bankruptcy Estate to: (i) settle certain claims the bankruptcy estate has against CPT[2] and HPC[3] and (ii) to pay for the purchase the Liquor License in full at closing as opposed to through the purchase money financing allegedly agreed to in the Supplements, and to purchase all other assets of the Debtor, including without limitation, the 2408 Claim,[4] and all other properties, rights, and claims, tangible or intangible, personal or mixed, contingent, owned, leased or licensed, as the same shall exist on the applicable closing date (collectively, the "Assets"), free and clear of claims, liens, encumbrances, and other interests pursuant to Section 363(f) of the Bankruptcy Code (the "Sale");

b.    The Settlement Funds shall be broken into four (4) categories for purposes of case administration, allocations and payment of claims: (i) $50,000.00 to settle and resolve the bankruptcy estate's potential claims against CPT[5] (the "CPT Allocation"); (ii)  $50,000.00 to settle and resolve the estate's potential claims against HPC (the "HPC Allocation"); (iii) $250,000.00 to pay for the purchase of the Liquor License in full at closing (the "Liquor License Allocation") and (iv) $50,000.00 to purchase the Assets (the "Assets Allocation");

c.    At closing and from the Liquor License Allocation, the Trustee will pay any fees necessary to transfer the Liquor License and the valid and otherwise undisputed liens on the Liquor License.  The Trustee, the Debtor, HPC, CPT, and THPC shall cooperate with each other to: (i) obtain any necessary approvals from the Florida Department of Revenue, Florida Division of Alcoholic Beverages & Tobacco, (ii) obtain any necessary releases of lien(s) or other encumbrances, and (iii) prepare

---

[2] The Trustee alleges the bankruptcy estate has potential avoidance claims against CPT relating to the Debtor's pre-petition transfer of the Property to CPT.
[3] The Trustee alleges the bankruptcy estate has potential claims against HPC for pre-petition and post-petition use of the Debtor's personal property.
[4] The "2408 Claim" refers to the administrative expense claim due to the Debtor from 2408 W. Kennedy, LLC in the approximate amount of $199,400.00 in the case styled *In re 2408 W. Kennedy, LLC*, Case No. 8:21-bk-02578-MGW.

and execute any documents necessary to effectuate the Sale, including any applicable Bill of Sale and ABT Form 6002;

d.  The proceeds related to the CPT Allocation, the HPC Allocation, and the net proceeds after payment of valid and otherwise undisputed liens on the Liquor License and Assets shall be paid in accordance with 11 U.S.C. §§ 724, 726 (as more fully set forth in the Sale Motion filed with this Compromise). The estate is authorized to make distributions to Thomas W. Garrison, Trustee of the Thomas W. Garrison Revocable Living Trust dated October 14, 1999 and Janet Long and the Florida DOR, as valid and undisputed lienholders on the Liquor License and as further provided for in the Sale Order, even in the event the transfer of the Liquor License is not approved or is delayed after Closing.  The Debtor shall be solely responsible for objecting to any claims it disputes on behalf of its equity interest holder(s);

e.  Upon (i) the entry of an Order approving this Compromise becoming final and non-appealable, (ii) the Trustee's receipt of the Settlement Funds and such funds clearing the bankruptcy estate's bank account, and (iii) provided the Sale fully is consummated and HPC and CPT are not otherwise in default of any other provisions of this Compromise or the Order approving the Sale of the Liquor License and Assets, CPT shall be deemed to have an allowed general unsecured claim in this case pursuant to 11 U.S.C. § 502(h) (the "502 Claim") in the amount of $250,000 without the necessity of actually having to file a proof of claim.

f.  Closing shall occur within 45 days of final orders approving this compromise and the Sale (the "Effective Date");

g.  Upon the Effective Date, the Debtor shall dismiss, with prejudice, the Meacham Appeal and the Conversion Appeal;

h.  Upon the Effective Date, the Trustee shall release CPT, HPC, and THPC, together with their officers, directors, shareholders, members, managers, employees, attorneys, accountants, and other agents, as well as their parents, subsidiaries, affiliates, predecessors, successors, estates, trusts, heirs, and assigns, including without limitation, Peter Hannouche, Thomas Ortiz, and Christopher Scott (the "Affiliate Released Parties"), of and from any and all claims that the Trustee may possess against any of the Affiliate Released Parties, whether known or unknown, disclosed or concealed, accrued or unaccrued, suspected or unsuspected, real or imagined, asserted or unasserted, contingent or fixed, liquidated or unliquidated, meritorious or scandalous, from the beginning of time to the Effective Date (the "Trustee Release").  For the avoidance of doubt, the Trustee Release shall not serve to release any claims in, between or among the Affiliate Released Parties themselves, but only as expressly stated herein;

i.  Upon the Effective Date, the Affiliate Released Parties shall release the Trustee, the bankruptcy estate, and all bankruptcy estate professionals including without

6

limitation the bankruptcy estate's attorneys, accountants, and other agents (the "Estate Released Parties") of and from any and all claims that the Affiliate Released Parties may possess against the Estate Released Parties, whether known or unknown, disclosed or concealed, accrued or unaccrued, suspected or unsuspected, real or imagined, asserted or unasserted, contingent or fixed, liquidated or unliquidated, meritorious or scandalous, from the beginning of time to the Effective Date (the "Affiliate Parties' Release"). For the avoidance of doubt, the Affiliate Parties' Release shall not serve to release any claims in, between or among the Affiliate Released Parties themselves, but only as against the Estate Released Parties. A copy of the Mutual Release to be executed by the Trustee and the Affiliate Released Parties is attached hereto as **Exhibit "A"**; and

j.     Without waiver of HPC's position that it already purchased the Liquor License pursuant to the terms of the Supplements, no party shall conduct any operations at the Property using the Liquor License until the earlier of: (i) the issuance of a temporary Liquor License to HPC (or its assigns) and/or the closing of the Sale and permanent transfer of the Liquor License to HPC (or its assigns) is approved in all respects by the Florida Department of Business and Professional Regulation or (ii) HPC or such other entity obtains a new or temporary liquor license from third parties, special event, or catering license for use in connection with such operations, that is not related to, or otherwise involves, use of the Liquor License.

k.     To the extent there is any surplus remaining after all allowed claims against the estate have been paid in full, such surplus funds shall be deemed assigned to M Funding, LLC or its assignee ("M Funding"), and the Trustee shall tender payment of such surplus to M Funding. Peter Hannouche, the Debtor's sole equity security holder expressly consents to such relief.

13.     Contemporaneous with the filing of this Motion, the Trustee is filing a Motion to Sell pursuant to 11 U.S.C. § 363(b), (f) and (m), which the Sale contemplated and requested herein is an integral component.

## RELIEF REQUESTED

14.     Through this Motion, the Trustee requests approval of the Compromise on the terms set forth above. Specifically, and without limitation, the Trustee requests approval of: (i) the Sale of the Liquor License and the Assets to HPC (or its assigns) pursuant to Section 363(f) of the Bankruptcy Code in exchange for the Liquor License Allocation and the Assets Allocation, respectively (ii) settlement of the bankruptcy estate's claims against CPT and HPC in

7

exchange for the CPT Allocation and the HPC Allocation, respectively, (iii) the Mutual Release substantially in the form attached as an Exhibit hereto; (iv) the 502 Claim and (v) the parties' agreement to suspend operations at the Property using the Liquor License.

## ARGUMENT AND MEMORANDUM OF LAW

15. Federal Rule of Bankruptcy Procedure 9019(a) governs the approval of a compromise or settlement. The rule provides, in pertinent part, that "on motion by the trustee and after a hearing, the bankruptcy court may approve a compromise or settlement." Settlements are favored in bankruptcy "[t]o minimize litigation and expedite the administration of a bankruptcy estate." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (recognizing that the law favors compromise of disputes). The Supreme Court has recognized that "[i]n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts." *Protective Comm. for Independent Stockholder of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

16. The Supreme Court has stated that in determining whether a court should approve a settlement under Bankruptcy Rule 9019, it should:

> form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Anderson*, 390 U.S. at 424-25.

17. In evaluating settlements under Rule 9019(a), bankruptcy courts in the Eleventh Circuit apply the four-factor test identified in *Wallis v. Justice Oaks, II Ltd. (In re Justice Oaks*

8

*II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990): (i) the probability of success in litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id.* at 549.

18.    In determining whether to approve a compromise, a bankruptcy court is not obligated to rule on the merits of the various claims, the probability of succeeding on those claims, or conduct a "mini trial" on the merits of the underlying cause of action.  *In re Van Diepen, P.A.*, 236 F. Appx. 498, 503 (11th Cir. 2007); *U.S. v Alaska National Bank of the North (In the Matter of Walsh Construction, Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982).  Rather, courts consider the *Justice Oaks* factors to determine the fairness of a proposed settlement agreement. *Chira v. Saal et al. (In re Chira)*, 567 F.3d 1307, 1312-1313 (11th Cir. 2009).  In ruling on a proposed compromise, the Court should "canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness."  *Id.* at 608.

19.    Here, the proposed compromise satisfies the criteria for approval under Rule 9019(a) and *Justice Oaks*.

20.    ***The Probability of Success in Litigation***.  Absent approval of the Compromise, the Trustee will be required to litigate a myriad of contested issues, including: (i) disputes pertaining to the ownership of the Liquor License, (ii) the authority/ability of HPC to continue to operate at the Property using the Liquor License and adequate protection issues related to the same, and (iii) the Meacham Appeal and Conversion Appeals and the impact any appellate rulings in connection with the same.  The probability of success in litigating the foregoing issues is inherently uncertain.  Moreover, as evidenced by litigation in other bankruptcy cases involving

the same parties, the administrative cost of litigation would be significant.  The Compromise enables the Trustee to obtain a guaranteed payment that is approximate to the fair market value of the Conveyed Assets without the risk or cost of further litigation.  As a result, the Trustee submits that this factor strongly weighs in favor of approval of the Compromise.

21.    ***The Difficulties of Collection***.  The Trustee possess certain claims and causes of action against the Affialte Released Parties, including avoidance actions and possible claims for alter ego/veil piercing.  However, the difficulties of collecting upon such claims would be significant.  For instance, any claim to avoid and recover the Property for the benefit of the Estate would be subject to the risk of extinguishment in the Party of Five Action.  Moreover, the Property may be subject to additional pre-existing liens and encumbrances, including liens that may be asserted by the Internal Revenue Service.  Any claims and causes of action that could be asserted against the Debtor's insiders, including Hannouche, Ortiz, or Scott, would similarly be subject to the risk of un-collectability.  Moreover, the Affiliate Released Parties have agreed to provide a reciprocal and mutual release to the Estate Released Parties, as described above.  As such, the Trustee submits this factor again strongly weighs in favor of approval of the Compromise.

22.    ***The Complexity of Litigation***.  The contested issues in this bankruptcy case are extremely complex.  Specifically, this case involves issues pertaining to (i) the ownership of a 4COP Liquor License, (ii) the authority and ability of a non-debtor entity to operate pursuant to a management agreement with the Trustee and other entities, (iii) the Trustee's perceived exposure for potential post-petition torts and liabilities arising out of the business operated at the Property, (iv) state law foreclosure, including issues pertaining to rights of redemption and the re-foreclosure of omitted liens and interests, (v) avoidance/turnover actions, (vi) alter ego/veil

piercing claims, (vii) employment of professionals in Chapter 11 and appeals related to the same, and (viii) the conversion of a Chapter 11 case to a case under Chapter 7 and appeals related to the same. The complexity of this action further weighs in favor of approval of the Compromise.

23. ***The Interest of the Creditors***. The Trustee submits that the compromise serves the paramount interest of the Estate. Specifically, the compromise: (i) avoids significant litigation/administrative expenses, (ii) results in a significant monetary recovery for the Estate from which to pay valid and allowed claims, and (iii) eliminates the Estate's exposure for post-petition torts and liabilities arising out of the operation of the business at the Property. The Compromise serves the paramount interests of creditors and, as a result, this factor weighs in favor of approval of the settlement.

WHEREFORE, the Trustee respectfully requests an Order (A) granting this motion, (B) approving the compromise; and (C) granting the parties such additional relief as is just and proper.

Respectfully submitted,

**JOHNSON LAW FIRM, P.A.**

/s/ Eugene H. Johnson
Eugene H. Johnson, Esq.
Florida Bar No. 0032105
Lauren W. Box, Esq.
Florida Bar No. 0106242
100 North Laura Street, Suite 701
Jacksonville, Florida 32202
(904) 652-2400 Telephone
ehj@johnsonlawpa.com
lauren@johnsonlawpa.com

*Attorneys for Angela Welch,*
*Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2023, a copy of the foregoing was furnished by U.S. Mail to all parties **on the attached mailing matrix**, and to the following:

Tampa Hyde Park Cafe Properties, LLC
303 S. Melville Ave.
Tampa, Florida  33606

Tampa Hyde Park Cafe, LLC
303 S. Melville Ave.
Tampa, Florida  33606

Hyde Park Cafe, LLC
303 S. Melville Ave.
Tampa, Florida  33606

CPT Acquisitions, LLC
303 S. Melville Ave.
Tampa, Florida  33606

Peter Hannouche
303 S. Melville Ave.
Tampa, Florida  33606

Thomas Ortiz
303 S. Melville Ave.
Tampa, Florida  33606

Christopher Scott
303 S. Melville Ave.
Tampa, Florida  33606

Internal Revenue Service
Attn:  Daisy Montanez, Bankruptcy Specialist
City View Plaza II
Insolvency
48 Carr 165 Suite #2000
Guaynabo, Puerto Rico  00968-8000

Street Smart Realty, LLC f/k/a
Main Street & Main, N.A., LLC
Attn: Christopher Dineno, its Manager and Registered Agent
111 2nd Avenue NE
Suite 200
St. Petersburg, FL 33701

Internal Revenue Service
Post Office Box 7346
Philadelphia, Pennsylvania  19101

Internal Revenue Service
400 West Bay Street, 5730
Jacksonville, Florida  32202

U.S. Attorney's Office
Middle District of Florida
Attn: Civil Process Clerk
400 North Tampa Street, Suite 3200
Tampa, Florida  33602

Attorney General of the United States
Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

U.S. Attorney's Office
Middle District of Florida
Attn: Roger B. Handberg, Esq.
400 North Tampa Street, Suite 3200
Tampa, Florida  33602

The Florida Department of Revenue
Attn:  April Long, Tax Specialist
Bankruptcy
Post Office Box 8045
Tallahassee, Florida  32314

Jaxon A. Lear, Esq.
Florida DBPR
2601 Blairstone Road
Tallahassee, Florida  32399
*Counsel for the Florida DBPR*

The Florida Department of Revenue
Attn:  General Counsel
5050 West Tennessee Street
Tallahassee, Florida  32399

The Florida Department of Revenue
Attn:  its Executive Director
2450 Shumard Oak Boulevard
Tallahassee, Florida  32399

The Florida Department of Revenue
Attn:  General Counsel
2450 Shumard Oak Boulevard
Tallahassee, Florida  32399

Janet Long
2578 John Anderson Drive
Ormond Beach, Florida  32176

West Coast Acquisitions, LLC
Attn: Frank Segretti, its Manager
c/o Whittington Law Group, its Registered Agent
230 E Davis Blvd.
Tampa, FL 33606

Thomas W. Garrison, Trustee of the Thomas W. Garrison Revocable Living Trust dated October 14, 1999
109 Shady Branch Trail
Ormond Beach, Florida 32174

**And via CM/ECF notification to:**

Erik Johansen, Esq. *Counsel for Debtor*;

W. Bart Meacham, Esq., *Counsel for Debtor*;

The United States Trustee;

And to all other parties who have consented to receiving electronic notifications in this case.

/s/ Eugene H. Johnson
Eugene H. Johnson, Esq.

14

## MUTUAL RELEASE

KNOW ALL MEN BY THESE PRESENTS, that Angela Welch, as Chapter 7 Trustee for the Bankruptcy Estate of Tampa Hyde Park Cafe Properties, LLC, Case No. 8:23-bk-00448-CED (Bankr. M.D. Fla., Tampa Division) (the "Trustee"), the bankruptcy estate, and all bankruptcy estate professionals including without limitation the bankruptcy estate's attorneys, accountants, and other agents (altogether, the "Estate Released Parties"), as and for the first party, and CPT Acquisitions, LLC, Hyde Park Cafe, LLC, and Tampa Hyde Park Cafe, LLC, together with their officers, directors, shareholders, members, managers, employees, attorneys, accountants, and other agents, as well as their parents, subsidiaries, affiliates, predecessors, successors, estates, trusts, heirs, and assigns, including without limitation, Peter Hannouche, Thomas Ortiz and Christopher Scott (altogether, the "Affiliate Released Parties"), as and for the second party (and collectively, the Estate Released Parties and the Affiliate Released Parties shall be referred to as the "Releasing Parties"), for and in consideration of the sum of Ten and 00/100 Dollars ($10.00), the receipt and sufficiency of which is hereby acknowledged, do hereby waive, remise, release, and forever discharge  each other, and their respective officers, directors, attorneys, shareholders, employees, professionals, attorneys, accountants and independent contractors of and from any and all manner of action and actions, cause and causes of action of any kind, suits, debts, sums of money due, accounts, reckonings, bills, covenants, contracts, controversies, promises, damages, judgments, and demands or claims of any kind whatsoever, whether in law or in equity, which Releasing Parties had, now have, or which they or their respective successors or assigns hereafter may have, including but not limited to those arising out of or related to all matters and things complained of, or which could have been complained of, in or concerning any matter arising out of or related to that certain bankruptcy proceeding styled In re Tampa Hyde Park Cafe Properties, LLC, Case No. 8:23-bk-00448-CED (Bankr. M.D. Fla., Tampa Division) and/or any appeal taken in connection with the referenced bankruptcy proceeding.

THIS RELEASE IS INTENDED TO BE AND SHALL BE CONSTRUED AS A TOTAL, ABSOLUTE, UNASSAILABLE AND UNCONDITIONAL TERMINATION OF ANY AND ALL LIABILITIES OF THE RELEASED PARTIES BASED ON THE FOREGOING MATTERS AND ANY DOCUMENTS OR AGREEMENTS EXECUTED IN CONNECTION THEREWITH WHICH MAY NOT BE SPECIFICALLY LISTED SUBJECT ONLY TO THE PARTIES PERFORMING THEIR RESPECTIVE OBLIGATIONS UNDER THE COMPROMISE DETAILED IN THE TRUSTEE'S MOTION  FOR ORDER APPROVING COMPROMISE OF CLAIMS WITH DEBTOR AND ITS INSIDERS AND AFFILIATES, WHICH COMPROMISE WAS APPROVED BY ORDER OF THE BANKRUPTCY COURT ON _____, 2023 AT DOCKET NO. _____ IN THE REFERENCED BANKRUPTCY CASE.

It is expressly understood that the facts in respect of which this Mutual Release is made may hereafter prove to be different from the facts known by the parties or believed by them to be true, and that facts not now known may be subsequently discovered. The undersigned expressly accept and assume the risk of facts proved to be different or the discovery of facts not now known and agrees that all the terms of this Mutual Release shall be in all respects, effective and that no mistake as to such facts, whether mutual or unilateral, nor any discovery of facts not known, shall justify rescission of this Mutual Release. It is the intent of the Releasing Parties that this Mutual

Release is and shall be construed as a general release as to any and all transactions, business dealings, disputes and proceedings between and among them or their predecessors in interest, whether or not such transactions, dealings, disputes or proceedings are specifically described herein.

This Mutual Release shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, insurers, successors in interest, and assigns. HOWEVER, THIS MUTUAL RELEASE SHALL NOT RELEASE ANY CLAIMS OTHER THAN AS BETWEEN THE ESTATE RELEASED PARTIES, AS AND FOR THE FIRST PARTY, AND THE AFFILIATE RELEASED PARTIES, AS AND FOR THE SECOND PARTY.  THIS MUTUAL RELEASE SHALL NOT SERVE TO RELEASE ANY CLAIMS IN, BETWEEN OR AMONG THE AFFILIATE RELEASED PARTIES THEMSELVES.

IN WITNESS WHEREOF, the Releasing Parties intending to be legally bound, have duly executed and delivered this Release as of the dates listed below.

 

**Angela Welch, as Chapter 7 Trustee for the Bankruptcy Estate of Tampa Hyde Park Cafe Properties, LLC, Case No. 8:23-bk-00448-CED (Bankr. M.D. Fla., Tampa Division)**

**STATE OF FLORIDA** )
**COUNTY OF _____** )

The foregoing instrument was acknowledged before me by means of [XX] physical presence or [ ] online notarization this _____ day of _____, 2023, by Angela Welch, as Chapter 7 Trustee for the Bankruptcy Estate of Tampa Hyde Park Cafe Properties, LLC, Case No. 8:23-bk-00448-CED, pending in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, who is personally known to me.

NOTARY PUBLIC
Name: _____
My Commission No.: _____
My Commission Expires: _____

<u>SIGNATURES CONTINUE ON THE FOLLOWING PAGE</u>

2

**CPT ACQUISITIONS, LLC,
A FLORIDA LIMITED LIABILITY
COMPANY**

By: _____
Its: _____

**STATE OF** _____            )
**COUNTY OF** _____          )

     The foregoing instrument was acknowledged before me by means of [  ] physical presence or  [        ]  online  notarization  this  _____  day  of  _____,  2023,  by _____,  as  _____  of  CPT  Acquisitions,  LLC,  a Florida limited liability company, who [   ] is personally known to me or [   ] who did produce _____ as identification.

_____
NOTARY PUBLIC
Name: _____
My Commission No.: _____
My Commission Expires: _____

SIGNATURES CONTINUE ON THE FOLLOWING PAGE

3

**HYDE PARK CAFE, LLC,**
**A FLORIDA LIMITED LIABILITY**
**COMPANY**

By: _____

Its: _____

**STATE OF** _____        )
**COUNTY OF** _____        )

The foregoing instrument was acknowledged before me by means of [  ] physical presence or [      ] online notarization this _____ day of _____, 2023, by _____, as _____ of Hyde Park Cafe, LLC, a Florida limited liability company, who [   ] is personally known to me or [   ] who did produce _____ as identification.

_____
NOTARY PUBLIC
Name: _____
My Commission No.: _____
My Commission Expires: _____

SIGNATURES CONTINUE ON THE FOLLOWING PAGE

4

**TAMPA HYDE PARK CAFE, LLC,
A FLORIDA LIMITED LIABILITY
COMPANY**

\_\_\_\_\_

By: _____
Its: _____

**STATE OF** _____        )
**COUNTY OF** _____        )

The foregoing instrument was acknowledged before me by means of [  ] physical presence or  [        ]  online  notarization  this  \_\_\_\_  day  of  _____,  2023,  by _____, as _____ of Tampa Hyde Park Cafe, LLC, a Florida limited liability company, who [   ] is personally known to me or [   ] who did produce _____ as identification.

_____
NOTARY PUBLIC
Name: _____
My Commission No.: _____
My Commission Expires: _____

SIGNATURES CONTINUE ON THE FOLLOWING PAGE

5

_____

By: **PETER HANNOUCHE**, individually

**STATE OF** _____          )
**COUNTY OF** _____          )

       The foregoing instrument was acknowledged before me by means of [  ] physical presence or [  ] online notarization this _____ day of _____, 2023, by PETER HANNOUCHE, who [  ] is personally known to me or [  ] who did produce _____ as identification.

_____
NOTARY PUBLIC
Name: _____
My Commission No.: _____
My Commission Expires: _____

SIGNATURES CONTINUE ON THE FOLLOWING PAGE

6

_____

By: **THOMAS ORTIZ**, individually

**STATE OF** _____          )
**COUNTY OF** _____          )

The foregoing instrument was acknowledged before me by means of [  ] physical presence or [  ] online notarization this _____ day of _____, 2023, by THOMAS ORTIZ, who [  ] is personally known to me or [  ] who did produce _____ as identification.

_____
NOTARY PUBLIC
Name: _____
My Commission No.: _____
My Commission Expires: _____

SIGNATURES CONTINUE ON THE FOLLOWING PAGE

7

_____

By: **CHRISTOPHER SCOTT**, individually

**STATE OF** _____                )
**COUNTY OF** _____                )

The foregoing instrument was acknowledged before me by means of [  ] physical presence or [    ] online notarization this _____ day of _____, 2023, by CHRISTOPHER SCOTT, who [   ] is personally known to me or [   ] who did produce _____ as identification.

_____
NOTARY PUBLIC
Name: _____
My Commission No.: _____
My Commission Expires: _____

8

Label Matrix for local noticing
113A-8
Case 8:23-bk-00448-CED
Middle District of Florida
Tampa
Tue Aug 29 15:14:07 EDT 2023

(p)ADT LLC
PAYROLL OPERATIONS
1501 YAMATO RD
BOCA RATON FL 33431-4438

Advanta IRA Services, LLC
FBO Beneficiary Roth IRA #8005207
c/o Law Offices of Damian Waldman
10333 Seminole Blvd., Units 1&2
Seminole, FL 33778-4210

Advanta IRA Services, LLC FBO Beneficiary Ro
c/o Law Offices of Damian G. Waldman, PA
10333 Seminole Blvd.
Units 1 & 2
Seminole, FL 33778-4210

Airgas Store
6601 14thAve.
Tampa, FL, 33619-2913

All Star Paper & Goods
4214 W. Virginia Ave.
Tampa, FL, 33614-7738

Liben Amedie
The Liben Law Firm
777 S. Harbour Island Blvd.
Ste 940
Tampa, FL 33602-5982

Aramark
P.O. Box 731676
Dallas, TX, 75373-1676

Auto-Chlor Services
P.O.Box 4869
Houston, TX, 77210-4869

(p)BAR HARBOR SEAFOOD
2000 PREMIER ROW
ORLANDO FL 32809-6208

Brian Puzyski's Farm Fresh Produce, LLC
P.O. Box 13173
St. Petersburg, FL, 33733-3173

CPT Acquisitions, LLC
c/o Leon A. Williamson, Jr., Esq
306 S. Plant Ave., Ste B
Tampa, FL 33606-2323

CPT Acquisitions, LLC
303 S. Melville Ave.
Tampa, FL 33606-1734

Tyler James Caron
Thompson Commercial Law Group
615 W. DeLeon Street
Tampa, FL 33606

City of Tampa Utilities
PO Box 31318
Tampa, FL 33631-3318

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Direct TV
P.O. Box 5006
Carol Stream, IL, 60197-5006

Erica Vinson
c/o Amanda E. Hetstek, Esq.
1110 N. Florida Ave., Ste 300
Tampa, FL, 33602-3343

FCS, Inc.
3813 126thnAve., N.
Clearwater Beach, FL, 33762-4232

FIG 20, LLC, FIG  20, LLC FBO SEC PTY 637895
PO BOX 12225,
NEWARK, NJ 07101-3411

Brian T FitzGerald
Hillsborough County Attorney
Senior Assistant County Attorney
PO Box 1110
Tampa, FL 33601-1110

Florida Dept of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Dept. of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399-0100

Gordon Food Service Store
P.O. Box 1787
Grand Rapids, MI, 49501-1787

Hillsborough County Tax Collector
c/o Brian T. Fitzgerald
P.O. BOX 1110
TAMPA, FL 33601-1110

(p)HILLSBOROUGH COUNTY TAX COLLECTOR
2506 N FALKENBURG RD
TAMPA FL 33619-0917

Hughes Exterminators
1202Tech Blnd, Ste 102
Tampa, FL, 33619-7863

IRS
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

Eric D Jacobs
Venable LLP
100 N. Tampa Street
Suite 2600
Tampa, FL 33602-5810

Erik Johanson
Erik Johanson PLLC
3414 Bay to Bay Boulevard, #300
Tampa, FL 33629-7084

Eugene Johnson
c/o Johnson Law Firm, P.A.
100 N. Laura Street
Suite 701
Jacksonville, FL 32202-3673

Eugene H Johnson
Johnson Law Firm, P.A.
100 N. Laura Street, Suite 701
Jacksonville, FL 32202-3673

Johnson Brothers
4520 S. Church Ave.
Tampa, FL 33611-2201

Benjamin E. Lambers
Timberlake Annex
501 E. Polk Street, Suite 1200
Tampa, FL 33602-3945

John W Landkammer
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, FL 33602-5318

Larry S. Hyman, as Chapter 7 Trustee of BAMC
c/o Eric D. Jacobs, Esq.
Venable LLP
100 N. Tampa Street, Suite 2600
Tampa, FL 33602-5810

Jeffrey P Lieser
Lieser Skaff Alexander
403 N. Howard Avenue
Tampa, FL 33606-1510

Local Turtle, LLC
9301 Solar Dr.
Tampa, FL, 33619-4403

Mark Goldenberg
c/o Amanda E. Hetstek, Esq.
1110 N. Florida Ave., Ste 300
Tampa, FL, 33602-3343

W Bart Meacham
308 East Plymouth Street
Tampa, FL 33603-5957

Mr. Green's Produce
1702 Jim Johnson Rd.
Plant City, FL, 33566-8702

NANCY C MILLAN TAX COLLECTOR
C/O BRIAN T. FITZGERALD ATTY 27TH FLR
PO BOX 1110
TAMPA, FL 33601-1110

Nancy C. Millan Tax Collector
c/o Brian T. Fitzgerald, Atty 27th FL
P O Box 1110
Tampa, FL  33601-1110

NuCO2, Inc.
P.O. Box 417902
Boston, MA, 02241-7902

Office of the United States Trustee
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

Palscher, Inc.
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, FL 33602-5318

Palscher, Inc.
c/o John Landkammer, Esq.
Anthony & Partners, LLC
100 Ashley Dr S Suite 1600
Tampa, FL 33602-5318

Party of Five Investments, LLC
226 SYDNEY LANE
REDINGTON SHORES, FL 33708-4214

Party of Five Investments, LLC
C/o Liben Amedie, Esq.
777 S. Harbour Island BLVD
Ste. 940
Tampa Florida 33602-5982

Spectrum
4145 S. Falkenburg Rd.
Riverview, FL 33578-8652

State of Florida - Department of Revenue
Post Office Box 6668
Tallahassee, FL 32314-6668

Sysco
200 Story Rd.
Ocoee, FL 34761-3025

T Mobile/T-Mobile USA Inc
by American InfoSource as agent
PO Box 248848
Oklahoma City, OK  73124-8848

T Mobile/T-Mobile USA Inc by American InfoSo
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

TD Bank
2307 W. Kennedy Blvd.
Tampa, FL, 33609-3301

Tampa Hyde Park Cafe Properties, LLC
303 S. Melville Ave.
Tampa, FL 33606-1734

Taylor Taylor
c/o Amanda E. Heystek, Esq.
1110 N Florida Ave Ste 300
Tampa, FL 33602-3343

Teco Peoples Gas
P.O. Box 111
Tampa, FL 33601-0111

Teco Tampa Electric
P.O. Box 111
Tampa, FL 33601-0111

The Bank of Tampa
c/o Thompson Commercial Law Group
615 W. De Leon St.
Tampa, FL 33606-2736

The Bank of Tampa
c/o Thompson Commercial Law Group
615 W. DeLeon Street
Tampa, FL 33606

Thomas Ortiz
1801 W. Platt St.
Tampa, FL 33606-1837


United States Trustee - TPA 11
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

United States Trustee - TPA
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

Steven  M. Vanderwilt
9940 Hood Road
Jacksonville, FL 32257-1134


Damian Waldman
Law Offices of Damian G. Waldman, P.A.
10333 Seminole Boulevard, Units 1 & 2
Seminole, FL 33778-4210

Angela Welch
12191 W. Linebaugh Ave. #401
Tampa, FL 33626-1732

Leon A. Williamson Jr.
Leon A. Williamson, Jr., P.A.
306 S. Plant Avenue, Ste. B
Tampa, FL 33606-2323


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


ADT Security Services
1501 W. Yamato Rd.
Boca Raton, FL, 33431-4438

Bar Harbor Seafood
2000 Premier Row
Orlando, FL, 32809-6208

Hillsborough County Tax Collector
2506 Falkenburg Rd.
Tampa, FL, 33619


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Larry S Hyman, as Chapter 7 Trustee of BAM

(d)Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

(d)Party of Five Investments, LLC
226 Sydney Lane
Redington Shores, FL 33708-4214


End of Label Matrix
Mailable recipients   68
Bypassed recipients    3
Total                 71