ORDERED.

**Dated:  October 16, 2023**

_Caryl E. Delano_
Caryl E. Delano
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In Re:

**TAMPA HYDE PARK CAFE**                          Case No.: **8:23-bk-00448-CED**
**PROPERTIES, LLC,**

                                                  **Chapter 7**

        **Debtor.**
_____/

**ORDER GRANTING THE**
**TRUSTEE'S MOTION FOR ORDER**
**AUTHORIZING TRUSTEE TO SELL SUBSTANTIALLY**
**ALL ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS,**
**ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M)**
(Doc. No. 296)

This Chapter 7 case came before the Court on the motion (the "Motion")[1] (Doc. No. 296)

of Angela Welch, the duly appointed Chapter 7 Trustee (the "Trustee") in the above-captioned

matter, seeking the entry of an Order, pursuant to Section 363(b), (f), and (m) of the Bankruptcy

_____

[1]  Capitalized terms used in this Order shall carry the same meaning and have the same
effect as those used in the Motion.

Code, authorizing the sale of substantially all assets of the Estate (the "Assets"), free and clear of liens, claims, encumbrances and interests.  A hearing on the Motion was originally scheduled to be held on September 25, 2023 at 2:00 p.m. and was rescheduled, by Order of the Court, to October 2, 2023 at 2:00 p.m. (the "Hearing") (*see* Doc. No. 322).  On September 25, 2023, the Hillsborough County Tax Collector (the "Tax Collector") filed a Notice of Secured Claims in response to the Motion (the "Response") (Doc. No. 323).  No other party filed an objection to the Motion prior to the Hearing or at the Hearing.

For the reasons set forth in the Motion and on the record at the Hearing, as well as upon consideration of the Motion to Approve Compromise by and among the Trustee, the Debtor and its alleged Insiders and Affiliates[2] (the "Compromise") (Doc. No. 297) and the Order Granting the Compromise (the "Compromise Order"), the Trustee has demonstrated that the sale of the Assets on the terms contained in the Motion is in the best interests of the Debtor's estate. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The relief requested in the Motion is **GRANTED** and the sale of the Assets by the Trustee to Hyde Park Cafe, LLC ("HPC") or is assignee, pursuant to 363(b), (f) and (m), free and clear of all liens, claims, encumbrances, and interests by private sale is hereby **APPROVED**, subject to the terms and conditions herein.

2.      As described in the Motion, the Compromise, the Compromise Order and as represented to the Court during the Hearing, the Settlement Funds shall be broken into four (4) categories for purposes of case administration, allocations and payment of claims: (i) $250,000.00

---

[2] Debtor's Insiders and Affiliates include, but are not limited to, CPT Acquisitions, LLC, Hyde Park Cafe, LLC, Tampa Hyde Park Cafe, LLC, Peter Hannouche, Thomas Ortiz, and Christopher Scott.

to pay for the purchase of the Liquor License[3] in full at closing (the "Liquor License Allocation"), which shall in fact be allocated to the Liquor License; (ii) $50,000.00 to purchase the Assets (the "Assets Allocation")[4]; (iii) $50,000.00 to settle, resolve and to be allocated to the bankruptcy estate's potential claims against CPT Acquisitions, LLC ("CPT") pursuant to 11 U.S.C. § 548 and any other potentially applicable causes of action (the "CPT Allocation"); and (iv) $50,000.00 to settle, resolve and to be allocated to the bankruptcy estate's potential claims against HPC pursuant to 11 U.S.C. § 549 and any other potentially applicable causes of action (the "HPC Allocation").

3.      Notice of the Motion upon all creditors was proper and in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Rules. Therefore, any and all parties having an interest in the Liquor License and the Assets, including but not limited to the Tax Collector, the Internal Revenue Service, the Florida Department of Revenue, the United States of America, CPT, Thomas W. Garrison, Trustee of the Thomas W. Garrison Revocable Living Trust dated October 14, 1999 and Janet Long, Main Street & Main N.A., LLC, Tampa Hyde Park Café, LLC, Westcoast Acquisitions, LLC, Peter Hannouche, Thomas Ortiz, and Christopher Scott and any other lienholders, judgement lien holders, leasehold tenants, lessees, or any other legal or equitable interest(s), are deemed to have consented to entry of this Order.

4.      The Trustee is authorized, empowered and directed, subject to the terms of this Order, to sell the Liquor License and the Assets to HPC in accordance with the terms of the Compromise and the Motion.  The Compromise and the Motion were negotiated, proposed, and

---

[3] As used herein and as defined in the Motion to Sell, the term "Liquor License" shall refer to that certain Hillsborough County Liquor License No. BEV39-00668 titled in the name of the Debtor as of the Petition Date.

[4] For purposes of case administration, the Assets Allocation shall be allocated to that certain administrative expense claim due to the Debtor from 2408 W. Kennedy, LLC in the approximate amount of $199,400.00 in the case styled *In re 2408 W. Kennedy, LLC*, Case No. 8:21-bk-02578-CED.

entered into by the Trustee and HPC without collusion, in good faith, and from arms'-length bargaining positions. Neither the Trustee nor HPC have engaged in any conduct that would cause or permit the sale to be avoided under section 363(n) of the Bankruptcy Code. The Liquor License Allocation and the Asset Allocation represents a fair and reasonable offer to purchase the Liquor License and the Assets, respectively, under the circumstances of this Chapter 7 case.

5.      The consideration provided by HPC pursuant to the Compromise and the Motion (i) is fair and reasonable, (ii) is the highest or best offer for the Liquor License and the Assets, and (iii) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under the laws of the United States.

6.      The liens of creditors, which are more particularly described below, shall be extinguished automatically upon the sale of the Liquor License and the Assets, shall not operate as liens against the Liquor License or Assets, and the liens of such creditors shall attach only to the Purchase Price and the respective allocations, as follows:

(i)      As to the Liquor License and from the Liquor License Allocation in the amount of $250,000.00:

a.      $33,500.91 (or such other amount as may be required pursuant to an updated written payoff) paid to Thomas W. Garrison, Trustee of the Thomas W. Garrison Revocable Living Trust dated October 14, 1999 (the "Garrison Trust") and Janet Long, in satisfaction of that loan secured by a lien Liquor License in the original principal amount of $80,000.00 as of August 14, 2015, which lien was modified and extended as of February 11, 2020, and which lien was modified to the amount of $51,597.76 and renewed/extended as of October 9, 2020;

b.      $75,104.37 (or such other amount as may be required pursuant to an updated written payoff) to the Florida Department of Revenue in complete satisfaction of the following:

i.      Proof of Claim 7-3, and any amendment thereof filed for sales and use tax, which was filed in the gross amount of $73,449.48, with

$55,073.06 being treated as priority unsecured and $18,376.42 being treated as general unsecured;

 ii. That certain Judgment Lien Certificate No. J22000219354 filed on May 4, 2022 in the amount of $900.31;

 iii. That certain Judgment Lien Certificate No. J22000219370 filed on May 4, 2022 in the amount of $30,413.75;

 iv. That certain Judgment Lien Certificate No. J22000326613 filed on July 6, 2022 in the amount of $18,363.66;

 v. That certain Judgment Lien Certificate No. J22000426603 filed on September 7, 2022 in the amount of $27,535.99;

 vi. That certain Judgment Lien Certificate No. J22000437113 filed on September 14, 2022 in the amount of $43,755.61;

 vii. That certain Judgment Lien Certificate No. J23000010447 filed on January 11, 2023 in the amount of $384.09;

 viii. That certain Tax Warrant No. 1000000922353 dated April 27, 2022 in the amount of $35,658.73;

 ix. That certain Tax Warrant No. 1000000927298 dated June 27, 2022 in the amount of $16,363.66;

 x. That certain Tax Warrant No. 1000000932941 dated August 30, 2022 in the amount of $30,844.40; and

 xi. That certain Tax Warrant No. 1000000933255 dated August 31, 2022 in the amount of $27,535.99.

c. $0.00 to the Internal Revenue Service, pending the outcome and resolution of the Debtor's Second Amended Objection to Claim No. 8-1 filed by the Internal Revenue Service (the "Objection to IRS Claim") (Doc. No. 314), as further discussed below.

d. $0.00 to CPT Acquisitions, LLC on account of that certain UCC-1 Financing Statement filed with the Florida Secured Transaction Registry on November 4, 2022 at 09:36 a.m. at Instrument No. 202203532473;

e. $0.00 to Main Street & Main N.A., LLC on account of that certain UCC-1 Financing Statement filed with the Florida Secured Transaction Registry on Augus 31, 2022 at 04:23 p.m. at Instrument No. 20220284300X; and

(ii)    As to the Assets and from the Asset Allocation in the amount of $50,000.00:

a.    $1,128.95 (or any such other amounts as may be necessary to secure a release of its lien) to the Tax Collector in complete satisfaction of 2021 Tangible Property Tax owing by the Debtor and as reflected in Proof of Claim No. 13-1 filed by the Tax Collector;

b.    $996.57 (or any such other amounts as may be necessary to secure a release of its lien) to the Tax Collector in complete satisfaction of 2022 Tangible Property Tax owing by the Debtor and as reflected in Proof of Claim No. 14-1 filed by the Tax Collector;

c.    $774.66 (or any such other amounts as may be necessary to secure a release of its lien) to the Tax Collector in satisfaction of 2023 Tangible Property Tax owing by the Debtor and as reflected in Proof of Claim No. 15-1 filed by the Tax Collector;

d.    $0.00 to CPT Acquisitions, LLC on account of that certain UCC-1 Financing Statement filed with the Florida Secured Transaction Registry on November 4, 2022 at 09:36 a.m. at Instrument No. 202203532473;

e.    $0.00 to Main Street & Main N.A., LLC on account of that certain UCC-1 Financing Statement filed with the Florida Secured Transaction Registry on Augus 31, 2022 at 04:23 p.m. at Instrument No. 20220284300X;

f.    $0.00 to the Florida Department of Revenue, as any liens on the Assets secured by the Judgment Lien Certificates and Tax Warrants enumerated above being satisfied from the Liquor License Allocation; and

g.    $0.00 to the Internal Revenue Service, pending the outcome and resolution of the Objection to IRS Claim, as further discussed below.

7.    In the event the Court overrules the Objection to IRS Claim (Doc. No. 314) (or any amended objection or adversary proceedings related thereto) and determines that the IRS holds a valid lien against the Liquor License and/or the Assets, any amounts held by the Trustee after payment of the amounts indicated above from the Liquor License Allocation and the Assets Allocation (the "Remaining Proceeds")[5] shall, pursuant to 11 U.S.C. § 724, be paid to allowed

---

[5] To be clear, the Remaining Proceeds shall not include any portion of the CPT Allocation and/or the HPC Allocation.

claims under 11 U.S.C. §§ 507(a)(1)-(7), including administrative expenses and Trustee fees under 11 U.S.C. §§ 326(a) and 503(b), with the balance of the Remaining Proceeds being paid to the IRS in full satisfaction of its lien(s).

8. However, in the event the Court sustains the Objection to IRS Claim (Doc. No. 314) (or any amended objection or adversary proceedings related thereto) and determines that the IRS does not hold a valid and enforceable lien against the Liquor License or the Assets or that its lien does not attach to the Remaining Proceeds, then the Remaining Proceeds shall be distributed according to 11 U.S.C. § 726 and this Order.

9. The Parties are directed and ordered to comply with all other provisions of the Motion, including but not limited to the following:

(i) Closing shall occur within 45 days of both this Order and the Compromise Order becoming final and not subject to appeal, whichever is later (the "Effective Date");

(ii) Without waiver of HPC's position that it already purchased the Liquor License pursuant to the terms of the Supplements, no party shall conduct any operations at the Property using the Liquor License until the earlier of: (i) the issuance of a temporary Liquor License to HPC (or its assigns) and/or the closing of the sale contemplated by this Order and permanent transfer of the Liquor License to HPC (or its assigns) is approved in all respects by the Florida Department of Business and Professional Regulation or (ii) HPC or such other entity obtains a new or temporary liquor license from third parties, special event, or catering license for use in connection with such operations, that is not related to, or otherwise involves, use of the Liquor License; and

(iii) To the extent there is any surplus remaining after all allowed claims against the estate have been paid in full, such surplus funds shall be deemed assigned to M Funding, LLC or its assignee ("M Funding"). Any payment made to M Funding pursuant to this provision shall be made payable to M Funding, LLC and mailed to 500 E. Kennedy Blvd, Ste 200, Tampa, FL 33602. Peter Hannouche, the Debtor's sole equity security holder shall be deemed to have expressly consented to such relief.

10. The Trustee is further ordered, authorized and directed to execute any such documents as may be necessary to consummate the sale as provided for herein as well as to pay any amounts which may be necessary to consummate the sale, in the sole discretion of the Trustee

and based upon the Trustee's business judgment. Toward that end, the Trustee is expressly authorized and directed to pay the amount of $5,000.00 (or any such other amounts as may be required) to the Florida Department of Business and Professional Regulation as and for transfer fees in order to transfer the Liquor License from the bankruptcy estate to HPC.

11. The sale of the Liquor License is subject to Florida's Beverage Law as defined in Fla. Stat. § 561.01 (the "Beverage Law"), which provides, among other things: (i) that prior to operating under the Liquor License, HPC or its assigns must first receive authorization from the Division of Alcoholic Beverages and Tobacco of the Department of Business and Professional Regulation ("DABT"); (ii) that delinquent renewal license fees, if any, must be paid to DABT prior to reissuance of the Liquor License to HPS or its assignee; (iii) the DABT is not precluded from sanctioning HPC or its assigns for any Beverage Law violations that may later be discovered; and (iv) that DABT is directed to remove from its records, all liens which have been extinguished as a result of this Sale Order.

12. The sale of the Assets made pursuant to this Order is **"AS-IS WHERE IS WITH ALL FAULTS"** with no warranties whatsoever, express or implied.

13. There are no brokers associated with the sale of the Liquor License or the Assets.

14. Nothing in this Order is intended to affect rights of the United States Trustee, the Trustee, or parties in interest to object to proof of claims. Therefore, the United States Trustee, the Trustee and all parties in interest shall retain all rights to prosecute objections to proof of claims.

15. The Court hereby waives the 14-day stay pursuant to Rule 6004(h) and the Trustee is authorized to close the sale of Assets upon the entry of this Order and according to the terms of the Compromise and Compromise Order.

16. HPC or its assigns, as the Buyer, shall be afforded the protections of 11 U.S.C. § 363(m).

17. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, the Tax Collector, the Internal Revenue Service, the Florida Department of Revenue, the United States of America, CPT, Thomas W. Garrison, Trustee of the Thomas W. Garrison Revocable Living Trust dated October 14, 1999 and Janet Long, Main Street & Main N.A., LLC, Tampa Hyde Park Café, LLC, Westcoast Acquisitions, LLC, Peter Hannouche, Thomas Ortiz, and Christopher Scott and any other lienholders, judgement lien holders, leasehold tenants, lessees, or any other legal or equitable interest(s), all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order.

18. The failure to specifically include any particular provision of the Motion in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Motion be authorized and approved in its entirety; provided that this Order shall govern if there is any conflict between the Motion and this Order. Likewise, all of the provisions of this Order are non-severable and mutually dependent.

19. Any sale documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Estate.

20.     The Court shall retain sole and exclusive personal subject matter jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of the Motion, this Order, and all writings and agreements executed in connection therewith to which Trustee is a party and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Settlement Funds to the Trustee, (b) interpret, implement, and enforce the provisions of this Order; (c) protect HPC against any liens, claims, or other interests in or against the Liquor License and the Assets of any kind or nature whatsoever, and (d) to order further relief.

Attorney Eugene H. Johnson, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.