ORDERED.

**Dated:  October 16, 2023**

_Caryl E. Delano_
Caryl E. Delano
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

**In Re:**

**Tampa Hyde Park Cafe Properties, LLC,**          **Case No.: 8:23-bk-00448-CED**
                                                    **Chapter 7**

        **Debtor.**

_____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE**
**COMPROMISE WITH DEBTOR AND ITS INSIDERS AND AFFILIATES**
(Doc. No. 297)

This Chapter 7 case came before the Court on the motion (the "Motion" or "Compromise")[1]

(Doc. No. 297) of Angela Welch, the duly appointed Chapter 7 Trustee (the "Trustee") in the

above-captioned matter, seeking the entry of an Order approving the compromise of claims by and

among the Trustee, Debtor, Tampa Hyde Park Cafe Properties, LLC ("Debtor" or "THPCP"), and

its alleged insiders and affiliates, including CPT Acquisitions, LLC ("CPT"), Hyde Park Cafe,

LLC ("HPC"), Tampa Hyde Park Cafe, LLC ("THPC"), Peter Hannouche, Thomas Ortiz, and

---

[1]  Capitalized terms used in this Order shall carry the same meaning and have the same
effect as those used in the Motion.

Christopher Scott. A hearing on the Motion was originally scheduled to be held on September 25, 2023 at 2:00 p.m. and was rescheduled, by Order of the Court, to October 2, 2023 at 2:00 p.m. (the "Hearing") (*see* Doc. No. 322). No party filed an objection to the Motion prior to the Hearing or at the Hearing. Upon consideration of the Motion and upon the argument of the Trustee at the Hearing, and given the absence of any objections to the Motion and based upon the record in this case, including that certain Motion to Sell Substantially All Assets of the Debtor Free and Clear of Liens, Claims, Encumbrances and Interests pursuant to 11 U.S.C. § 363 (the "Motion to Sell") (Doc. No. 296) and the Order Granting the Motion to Sell (the "Sale Order"), the Court finds that the Compromise satisfies the standards for such settlements as set forth by the Eleventh Circuit in Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990) and is in the best interest of all creditors and the bankruptcy estate. Accordingly, it is hereby,

**ORDERED:**

1.       The Motion is **GRANTED**.

2.       The provisions of the Compromise as provided for and enumerated in the Motion are **APPROVED** in their entirety, pursuant to Fed. R. Bankr. P. 9019.

3.       The Parties are directed and ordered to comply with all provisions of the Compromise, and those provided in the Motion to Sell and the Sale Order, including but not limited to the following:

(i)      HPC and/or its assignee ("Buyer") will pay $400,000.00, subject to adjustment as set forth in the sale motion (the "Purchase Price"), to the Bankruptcy Estate to: (i) settle certain claims the bankruptcy estate has against CPT pursuant to 11 U.S.C. § 548 and against HPC pursuant to 11 U.S.C. § 549 and (ii) to pay for the purchase the Liquor License in full at closing as opposed to through the purchase money financing allegedly agreed to in the Supplements, and to purchase all other assets

2

of the Debtor, including without limitation, the 2408 Claim[2] and all other properties, rights, and claims, tangible or intangible, personal or mixed, contingent, owned, leased or licensed, as the same shall exist on the applicable closing date (collectively, the "Assets"), free and clear of claims, liens, encumbrances, and other interests pursuant to Section 363(f) of the Bankruptcy Code (the "Sale");

(ii)     As further described in in the Motion to Sell and the Sale Order, the Purchase Price shall be broken into four (4) categories for purposes of case administration, allocations and payment of claims: (i) $50,000.00 to settle and resolve the bankruptcy estate's potential claims against CPT[3] (the "CPT Allocation"); (ii) $50,000.00 to settle and resolve the estate's potential claims against HPC (the "HPC Allocation"); (iii) $250,000.00 to pay for the purchase of the Liquor License in full at closing (the "Liquor License Allocation") and (iv) $50,000.00 to purchase the Assets (the "Assets Allocation");

(iii)    At closing and from the Liquor License Allocation, the Trustee will pay any fees necessary to transfer the Liquor License and the valid and otherwise undisputed liens on the Liquor License.  The Trustee, the Debtor, HPC, CPT and THPC shall cooperate with each other to: (i) obtain any necessary approvals from the Florida Department of Revenue, Florida Division of Alcoholic Beverages & Tobacco, (ii) obtain any necessary releases of lien(s) or other encumbrances, and (iii) prepare and execute any documents necessary to effectuate the Sale, including any applicable Bill of Sale and ABT Form 6002;

(iv)     The proceeds related to the CPT Allocation, the HPC Allocation, and the net proceeds after payment of valid and otherwise undisputed liens on the Liquor License and Assets shall be paid in accordance with 11 U.S.C. §§ 724, 726 (as more fully set forth in the Motion to Sell and the Sale Order). The estate is authorized to make distributions as provided for in the Sale Order, even in the event the transfer of the Liquor License is not approved or is delayed after Closing.  The Debtor shall be solely responsible for objecting to any claims it disputes on behalf of its equity interest holder(s);

(v)      Upon (i) this Order becoming final and non-appealable, (ii) the Trustee's receipt of the Purchase Price and such funds clearing the bankruptcy estate's bank account, and (iii) provided the Sale fully is consummated and HPC and CPT are not otherwise in default of any other provisions of this Compromise or the Sale Order, CPT shall be deemed to have an allowed general unsecured claim in this case pursuant to 11 U.S.C. § 502(h) (the "502 Claim") in the amount of $250,000 without the necessity of actually having to file a proof of claim. Any distribution to CPT pursuant to this provision and 11 U.S.C. § 726 shall be made payable to CPT

---

[2] The "2408 Claim" refers to that certain administrative expense claim due to the Debtor from 2408 W. Kennedy, LLC in the approximate amount of $199,400.00 in the case styled *In re 2408 W. Kennedy, LLC*, Case No. 8:21-bk-02578-CED.

Acquisitions, LLC and mailed to CPT Acquisitions, LLC, 303 South Melville Avenue, Tampa, FL 33606;

(vi)    Closing shall occur within 45 days of both this Order and the Sale Order becoming final and not subject to appeal, whichever is later (the "Effective Date");

(vii)    Upon the Effective Date, the Debtor shall dismiss, with prejudice, the Meacham Appeal[4] and the Conversion Appeal[5];

(viii)    Upon the Effective Date, the Trustee shall release CPT, HPC, and THPC, together with their officers, directors, shareholders, members, managers, employees, attorneys, accountants, and other agents, as well as their parents, subsidiaries, affiliates, predecessors, successors, estates, trusts, heirs, and assigns, including without limitation, Peter Hannouche, Thomas Ortiz, and Christopher Scott (the "Affiliate Released Parties"), of and from any and all claims that the Trustee may possess against any of the Affiliate Released Parties, whether known or unknown, disclosed or concealed, accrued or unaccrued, suspected or unsuspected, real or imagined, asserted or unasserted, contingent or fixed, liquidated or unliquidated, meritorious or scandalous, from the beginning of time to the Effective Date (the "Trustee Release"). For the avoidance of doubt, the Trustee Release shall not serve to release any claims in, between or among the Affiliate Released Parties themselves, but only as expressly stated herein;

(ix)    Upon the Effective Date, the Parties are authorized and directed to execute that certain Mutual Release which was attached to the Compromise as Exhibit "A" and whereby the Affiliate Released Parties shall release the Trustee, the bankruptcy estate, and all bankruptcy estate professionals including without limitation the bankruptcy estate's attorneys, accountants, and other agents (the "Estate Released Parties") of and from any and all claims that the Affiliate Released Parties may possess against the Estate Released Parties, whether known or unknown, disclosed or concealed, accrued or unaccrued, suspected or unsuspected, real or imagined, asserted or unasserted, contingent or fixed, liquidated or unliquidated, meritorious or scandalous, from the beginning of time to the Effective Date (the "Affiliate Parties' Release"). For the avoidance of doubt, the Affiliate Parties' Release shall not serve to release any claims in, between or among the Affiliate Released Parties themselves, but only as against the Estate Released Parties; and

---

[4] As used herein, the Meacham Appeal refers to that certain appeal taken by the Debtor of that certain Order Disapproving Application to Employ/Retain W. Bart Meacham, Esq. as counsel for the Debtor (Doc. No. 138) pending at Case No. 8:23-cv-01697 in the United States District Court of the Middle District of Florida, Tampa Division.

[5] As used herein, the Conversion Appeal refers to that certain appeal taken by the Debtor of that certain Order Granting United States Trustee's Motion to Dismiss or Convert Chapter 11 Case and Denying Motion to Extend (Doc. No. 170) pending at Case No. 8:23-cv-01748 in the United States District Court of the Middle District of Florida, Tampa Division.

4

(x)     Without waiver of HPC's position that it already purchased the Liquor License pursuant to the terms of the Supplements, no party shall conduct any operations at the Property using the Liquor License until the earlier of: (i) the issuance of a temporary Liquor License to HPC (or its assigns) and/or the closing of the Sale and permanent transfer of the Liquor License to HPC (or its assigns) is approved in all respects by the Florida Department of Business and Professional Regulation or (ii) HPC or such other entity obtains a new or temporary liquor license from third parties, special event, or catering license for use in connection with such operations, that is not related to, or otherwise involves, use of the Liquor License.

(xi)    To the extent there is any surplus remaining after all allowed claims against the estate have been paid in full, such surplus funds shall be deemed assigned to M Funding, LLC or its assignee ("M Funding"), and the Trustee shall tender payment of such surplus to M Funding. Any payment made to M Funding pursuant to this provision shall be made payable to M Funding, LLC and mailed to 500 E. Kennedy Blvd, Ste 200, Tampa, FL 33602.  Peter Hannouche, the Debtor's sole equity security holder shall be deemed to have expressly consented to such relief.

4.      All Parties to the Compromise, including the Trustee, are authorized and directed to execute any documents and take any actions necessary to consummate the sale of assets as described in the Compromise, the Motion to Sell and the Sale Order, and as otherwise may be necessary to bring all provisions of the Compromise into effect, including those enumerated above.

5.      The Court reserves jurisdiction to resolve or adjudicate any and all disputes that may arise out of, or relate to, those matters addressed by this Order.

Attorney Eugene H. Johnson, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.

5