ORDERED.

**Dated:  June 07, 2024**

_Caryl E. Delano_
Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Case No. 8:23-bk-00448-CED
                                                                Chapter 7

Tampa Hyde Park
Café Properties, LLC,

      Debtor.

_____/

**ORDER DENYING EMERGENCY MOTION TO
ENFORCE STAY RELIEF ORDER AND FOR RELATED RELIEF**

THIS CASE came before the Court for consideration without a hearing of the

*Emergency Motion to (A) Enforce Stay Relief Order; (B) Alter or Amend Stay Relief Order;*

*(C) Enforce Sale Order; and (D) Enforce Compromise Order* (the "Motion") filed by

Debtor and 1802 W. Platt Street, LLC ("Platt LLC").[1] Although Platt LLC is

identified as a movant in the preamble to the Motion and named in the request for

relief, Platt LLC's name does not otherwise appear in the Motion, and there is no

---

[1] Doc. No. 380.

explanation of its involvement in this bankruptcy case or the foreclosure action described below. Therefore, the Court considers Debtor to be the sole moving party to the Motion. For the reasons that follow, the Court will deny the Motion.

## I.     Background

The record reflects that, in 2017, Advanta IRA Services, LLC, FBO Beneficiary Roth IRA #8005207 ("Advanta") filed a foreclosure action in the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida (the "State Court"), Case No. 17-CA-00769 (the "Foreclosure Action"), to foreclose a mortgage on real property located at 3420 W. Douglas Street, Tampa, FL 33607 (the "Property").[2] The State Court entered a final judgment on November 15, 2021. Advanta was the high bidder at the foreclosure sale and, on May 5, 2022, was issued a Certificate of Title for the Property; however, Advanta did not take possession of the Property because Debtor apparently claimed to be a tenant at the Property.[3]

On February 7, 2023, Debtor filed a petition for relief under Chapter 11. Although Debtor listed its interests as a tenant in six different properties on its *Schedule A/B: Assets – Real and Personal Property*, it did not list an interest in the Property.[4] Likewise, although Debtor listed six interests as tenant or co-tenant on

---

[2] Doc. No. 130, ¶ 1.

[3] Doc. No. 105, ¶¶ 4 – 7 & 10.

[4] Doc. No. 33, p. 6.

its *Schedule G: Executory Contracts and Unexpired Leases*, Debtor did not list an executory contract or unexpired lease related to the Property.[5]

On April 27, 2023, Advanta filed a *Motion for Relief from the Automatic Stay to Proceed with Eviction* ("Stay Relief Motion").[6] Advanta alleged that because of Debtor's bankruptcy case, Advanta was "unable to proceed with its eviction action."[7] Debtor objected to the Stay Relief Motion.[8]

On June 27, 2023, the Court entered an order converting Debtor's case to a case under Chapter 7.[9] Angela Welch was appointed as the Chapter 7 Trustee ("Trustee").[10]

On August 17, 2023, the Court entered an order on the Stay Relief Motion, (1) granting relief from the automatic stay "to allow [Advanta] to proceed with prosecuting Case No. 17-CA-007609"; and (2) modifying the automatic stay "for the sole purpose of allowing [Advanta] to complete[ ] *in rem* relief to take any and all steps necessary to exercise any and all rights it may have in the collateral" and

---

[5] Doc. No. 33, p. 15.

[6] Doc. No. 105.

[7] Doc. No. 105, ¶¶ 4 – 6.

[8] Doc. No. 130.

[9] Doc. Nos. 170 & 171.

[10] Doc. No. 175.

"to gain possession of said collateral" (the "Stay Relief Order").[11] Debtor did not seek reconsideration of or appeal from the Stay Relief Order.

On August 29, 2023, the Trustee filed a motion for approval of a global settlement agreement (the "Settlement Agreement") with Debtor and three other parties, all of whom share common ownership or control with Debtor (the "Motion to Compromise").[12] The Settlement Agreement provided for the Trustee to sell substantially all Debtor's assets to an entity referred to as "HPC" (the "Sale"), pursuant to which the Trustee filed a motion to sell Debtor's assets free and clear of liens and interests (the "Sale Motion").[13] Neither the Property nor Advanta are mentioned in the Settlement Agreement, the Motion to Compromise, or the Sale Motion.

On September 6, 2023, Debtor filed amended Schedules A/B and G to list its interest as a co-tenant on the Property.[14]

On October 16, 2023, after notice to creditors and a hearing, the Court approved the Settlement Agreement (the "Compromise Order") and the Sale Motion (the "Sale Order").[15] Neither the Compromise Order nor the Sale Order mention the Property

---

[11] Doc. No. 267, ¶¶ 2 & 4.

[12] Doc. No. 297.

[13] Doc. Nos. 296 & 297.

[14] Doc. No. 302.

[15] Doc. Nos. 337 & 338.

4

or Advanta.

On May 6, 2024, the State Court entered an order directing the clerk of court to issue a writ of possession for the Property (the "May 6, 2024 Order").[16] On June 3, 2024, the State Court clerk of court issued a writ of possession directing the sheriff to put Advanta in possession of the Property (the "Writ of Possession").[17] Debtor filed this Emergency Motion on June 4, 2024.

In its Emergency Motion, Debtor requests this Court (1) declare that the May 6, 2024 Order and the Writ of Possession violate the Stay Relief Order; (2) amend the Stay Relief Order to remove Advanta's authorization to "proceed with prosecuting Case No. 17-CA-00769"; and (3) exercise exclusive jurisdiction over Debtor's right to possession of the Property, as provided for in the Compromise Order and the Sale Order.[18]

## II.    Analysis

The Court concludes it is appropriate to deny the Emergency Motion for three reasons.

First, Debtor's argument that the Writ of Possession violates the Stay Relief Order is predicated on Debtor's contention that the Stay Relief Order *required*

---

[16] Doc. No. 380, ¶ 13.

[17] Doc. No. 380, Ex. A.

[18] Doc. Nos. 337 & 338.

Advanta to file a *separate* eviction action against Debtor and others in state court to regain possession of the Property. This is not the case. Although the Stay Relief Motion referenced Advanta's need to "proceed with an eviction action," the Stay Relief Order expressly modified the stay to allow Advanta "to complete[] *in rem* relief" and to "take any and all steps necessary to exercise any and all rights it may have in the [Property]" and "to gain possession of [the Property]."[19] Thus, the Writ of Possession does not violate the Stay Relief Order, nor is there any need to amend the Stay Relief Order to clarify (or limit) the scope of the stay relief.

Second, the Stay Relief Order is a final order, and Debtor fails to state any grounds for relief under Federal Rules of Bankruptcy Procedure 9023 or 9024.

Third, even assuming that the Court has jurisdiction over this dispute under the Sale Order and Compromise Order, the Court concludes it is appropriate to abstain from hearing the dispute under 11 U.S.C. § 1334(c)(2) for the following reasons: (a) the dispute over the validity of the Writ of Possession is a non-core proceeding involving purely state law issues; (b) the dispute is pending before the State Court, which can timely adjudicate the dispute; (c) the dispute involves non-debtor parties including (at least) Advanta and Platt LLC; (d) the dispute is remote to the main bankruptcy case and will have no effect on administration of Debtor's

---

[19] Doc. No. 267, ¶ 4.

6

bankruptcy estate; (e) the likelihood that Debtor's filing of the Motion involves forum-shopping; and (f) interests of comity with state courts and respect for state law.[20]

Thus, this Court declines to exercise jurisdiction over any dispute over the validity of the Writ of Possession or Debtor's right to possess the Property.

Accordingly, it is

**ORDERED**:

1.       The Emergency Motion is **DENIED.**

2.       The State Court's issuance of the Writ of Possession and exercise of jurisdiction over the dispute over the validity of the Writ of Possession and Debtor's right to possess the Property do not violate this Court's Stay Relief Order, Compromise Order, or Sale Order

3.       The Court may supplement this Order at a later time.

Clerk's Office to serve interested parties via CM/ECF.

---

[20] S*ee United Beverage Fla., LLC v. Gen. Elec. Co. (In re United Container, LLC)*, 284.B.R. 162, 171 – 78 (Bankr. S.D. Fla. 2002).