ORDERED.

**Dated:  June 17, 2024**

_Caryl E. Delano_
Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No. 8:23-bk-00448-CED
                                                          Chapter 7

Tampa Hyde Park Café Properties, LLC,

        Debtor.
_____/

**ORDER DENYING AMENDED EMERGENCY MOTION TO
ENFORCE STAY RELIEF ORDER AND FOR RELATED RELIEF**

THIS CASE came before the Court for consideration without a hearing of the

_Amended Emergency Motion (A) to Enforce Stay Relief Order; (B) to Enforce Sale Order; and_

_(C) to Enforce Compromise Order_ (the "Amended Motion")[1] filed by 1802 W Platt St

LLC ("Platt LLC") and the opposition to the Amended Motion filed by Advanta IRA

Services, LLC ("Advanta").[2]

---

[1] Doc. No. 388.

[2] Doc. No. 389.

The Amended Motion purports to amend Debtor and Platt LLC's *Emergency Motion (A) to Enforce Stay Relief Order; (B) to Alter or Amend Stay Relief Order; (C) to Enforce Sale Order; and (D) to Enforce Compromise Order,*[3] which the Court denied in its June 7, 2024 *Order Denying Emergency Motion to Enforce Stay Relief Order and for Related Relief* (the "June 7 Order").[4] The Court, therefore, will treat the Amended Motion as a motion for rehearing or reconsideration of the June 7 Order.

In the Amended Motion, Platt LLC contends that (i) in prior orders approving a compromise among Debtor and its affiliates and approving the sale of Debtor's assets, this Court retained jurisdiction to resolve disputes; (ii) Platt LLC, as assignee, of Hyde Park Café, LLC ("HPC") (not to be confused with Debtor, *Tampa* Hyde Park Café *Properties*, LLC) has standing to be heard in this case; (iii) Advanta violated this Court's August 17, 2023 order granting it relief from stay (the "Stay Relief Order")[5] by obtaining a May 6, 2024 *Order Denying Emergency Motion to Strike and Vacate Writ of Possession* in state court (the "State Court's May 6 Order") with respect to the property located at 3420 W. Douglas Street, Tampa, Florida (the "Douglas Property"); and (iv) the State Court's May 6 Order is void because it violates this Court's orders approving a compromise and the sale of Debtor's assets.

---

[3] Doc. No. 380.

[4] Doc. No. 385.

[5] Doc. No. 267.

2

As set forth below, the Court will deny the Amended Motion for four reasons: (i) the State Court's May 6 Order does not violate this Court's Stay Relief Order; (ii) there is no basis for the Court to reconsider the Stay Relief Order under Federal Rule of Civil Procedure 60; (iii) the State Court's May 6 Order does not violate this Court's Compromise Order or Sale Order; and (iv) treating Platt LLC's Amended Motion as a motion for reconsideration of the Court's June 7 Order under Federal Rule of Civil Procedure 59, the Court finds that Platt LLC fails to state grounds for the reconsideration.

## I.    BACKGROUND

The record reflects that, in 2017, Advanta filed a foreclosure action in the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida (the "State Court"), Case No. 17-CA-007609 to foreclose a mortgage on the Douglas Property (the "Foreclosure Action"). The State Court entered a final judgment on November 15, 2021.[6] Advanta was the high bidder at the foreclosure sale and, on May 5, 2022, was issued a Certificate of Title for the Douglas Property; however, Advanta did not take possession, apparently because Debtor claimed to be a tenant at the Douglas Property.[7]

---

[6] Doc. No. 130, ¶ 1 & 7.

[7] Doc. No. 105, ¶¶ 4 – 7 & 10.

On February 7, 2023, Debtor filed a petition for relief under Chapter 11. Although Debtor listed its interests as a tenant in six different properties on its *Schedule A/B: Assets – Real and Personal Property*, it did not list an interest in the Douglas Property.[8] Likewise, although Debtor listed six interests as tenant or co-tenant on its *Schedule G: Executory Contracts and Unexpired Leases*, Debtor did not list an executory contract or unexpired lease related to the Douglas Property.[9]

On April 27, 2023, Advanta filed a *Motion for Relief from the Automatic Stay to Proceed with Eviction* (the "Stay Relief Motion").[10] Advanta alleged that because of Debtor's bankruptcy case, Advanta was "unable to proceed with its eviction action" on the Douglas Property.[11]

On June 27, 2023, the Court entered an order converting Debtor's case to a case under Chapter 7.[12] Angela Welch was appointed as the Chapter 7 Trustee (the "Trustee").[13]

The Trustee did not oppose Advanta's Stay Relief Motion. Debtor objected to the Stay Relief Motion on the grounds that it was not a named party to Advanta's

---

[8] Doc. No. 33, p. 6.

[9] Doc. No. 33, p. 15.

[10] Doc. No. 105.

[11] Doc. No. 105, ¶¶ 4 – 6.

[12] Doc. Nos. 170 & 171.

[13] Doc. No. 175.

4

Foreclosure Action; however, Debtor did not describe its interest in the Douglas Property.[14]

On August 14, 2023, the Court conducted a hearing and granted the Stay Relief Motion. On August 17, 2023, the Court entered its Stay Relief Order.[15] The Stay Relief Order provided as follows:

1. Movant's Motion for Relief from the Automatic Stay to Proceed with Eviction is GRANTED as set forth below.

2. Movant is granted relief from the automatic stay to allow it to proceed with prosecuting Case No. 17-CA-007609 (Advanta IRA Services, LLC FBO Beneficiary Roth IRA #8005207 v. Thomas Ortiz, et al.).

3. The automatic stay arising by reason of 11 U.S.C. § 362 is terminated as to Movant's interest in the Property located at 3420 W. Douglas Street, Tampa, FL 33607.

4. The automatic stay is modified for the sole purpose of allowing Movant to complete, *in rem* relief, to take any and all steps necessary to exercise any and all rights it may have in the collateral, to gain possession of said collateral, to have such other and further *in rem* relief as is just, but the Movant shall not obtain in personam relief against the Debtor.[16]

Debtor did not seek reconsideration of or appeal from the Stay Relief Order.

---

[14] Doc. No. 130.

[15] Doc. No. 267, ¶¶ 2 & 4.

[16] Doc. No. 267, ¶¶ 1 – 4.

At an August 23, 2023 hearing, the Trustee moved *ore tenus* to extend the deadline to assume, reject, or assign executory contracts under § 365 of the Bankruptcy Code.[17] That same day, the Court entered an order granting the Trustee's motion and extending the deadline for 30 days from the date of the order.[18] Neither the *ore tenus* motion nor the Court's order identified the executory contracts to which the motion and order applied.

On August 29, 2023, the Trustee filed a motion for approval of a global settlement agreement (the "Settlement Agreement") with Debtor and three other parties, all of whom share common ownership or control with Debtor (the "Motion to Compromise").[19] The Settlement Agreement provided for the Trustee to sell substantially all Debtor's assets to HPC (the "Sale"). Pursuant to the Settlement Agreement, the Trustee filed a motion to sell Debtor's assets free and clear of liens and interests (the "Sale Motion").[20] Neither the Douglas Property nor Advanta are mentioned in the Settlement Agreement, the Motion to Compromise, or the Sale Motion.

---

[17] Unless otherwise stated, statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

[18] Doc. No. 281.

[19] Doc. No. 297.

[20] Doc. Nos. 296.

On September 6, 2023, Debtor filed amended Schedules A/B and G to list its interest as a "co-tenant" on the Douglas Property.[21]

On September 18, 2023, the Trustee filed her *Second Motion for Entry of an Order Extending Deadline to Assume, Reject or Assign Executory Contracts and/or Unexpired Leases* (the "Second Extension Motion").[22] On October 5, 2023, the Court entered an order granting the Second Extension Motion and extending the deadline to 60 days after the date of the order.[23] Neither the Second Extension Motion nor the Court's order identified the executory contracts or unexpired leases to which they applied.

On October 16, 2023, after notice to creditors and a hearing, the Court entered orders (a) granting the Motion to Compromise and approving the Settlement Agreement (the "Compromise Order")[24]; and (b) granting the Sale Motion (the "Sale Order").[25] The Sale Order states the following: "The sale of the Assets made pursuant to this Order is **'AS-IS WHERE IS WITH ALL FAULTS'** with no warranties whatsoever, express or implied."[26] The Compromise Order and the Sale Order do not mention the Douglas Property or Advanta.

---

[21] Doc. No. 302.

[22] Doc. No. 318.

[23] Doc. No. 333.

[24] Doc. No. 338.

[25] Doc. Nos. 337.

[26] Doc. No. 337, ¶ 12.

On December 4, 2023, the Trustee filed her *Third Motion for Entry of an Order Extending Deadline to Assume, Reject or Assign Executory Contracts and/or Unexpired Leases* (the "Third Extension Motion").[27] The Third Extension Motion did not identify the executory contracts and unexpired leases to which it applied, although it referred to "various contracts and unexpired leases" that the Trustee had identified in her previously filed *First Emergency Omnibus Motion to Reject Executory Contracts and Unexpired Leases* (the "Motion to Reject.").[28] The Motion to Reject refers to certain described leases and an asset purchase agreement; it does not refer to the Douglas Property, Advanta, or Debtor's alleged leasehold interest in the Douglas Property.

At a December 4, 2023 hearing, the Court granted the Trustee's Third Extension Motion, extending the deadline to assume executory contracts and unexpired leases to February 2, 2024. The Court's order granting the Third Extension Motion, entered on January 4, 2024 (the "Third Extension Order"),[29] identifies eleven specific executory contracts and unexpired leases, including:

> Any and all leases, subleases, easements, exercised options to purchase, unexercised options to purchase, sales contracts, and any and all other contracts and agreements of any kind or nature that concern or relate to the following properties, with the following addresses in Tampa, Hillsborough County,

---

[27] Doc. No. 352.

[28] Doc. No. 240. Although the Trustee did not formally withdraw the Motion to Reject, a scheduled hearing on the Motion was cancelled when the Trustee filed the Motion to Compromise and the Sale Motion (*see* August 23, 2023 hearing proceeding memo (Doc. No. 287)).

[29] Doc. No. 365.

Florida: [addresses on W. Platt Street, S. Fremont Avenue, and S. Melville Avenue]; and *3420-3422 W. Douglas Street*.[30]

To summarize, the first reference to the Douglas Property in the Trustee's requested extensions of the deadline to assume executory contracts and unexpired leases occurs in the Court's Third Extension Order.

The Sale of Debtor's assets contemplated by the Compromise Order and the Sale Order closed on December 20, 2023, two weeks before the Court entered the Third Extension Order.[31] The Trustee's *Report of Sale Completion* attaches a copy of the *Trustee's Assignment and Bill of Sale* (the "Bill of Sale"), which includes a list of the assets sold.[32] Those assets include leases and subleases of various properties, including the Douglas Property, and "claims for damages, fees, or both in the following cases, and/or related to the following cases," identifying various case numbers, including 17-CA-007609 (the Advanta Foreclosure Action).[33] The Bill of Sale states that that the "sale is 'as-is, where-is' and with all faults and with no warranties or warranties of title, whatsoever."[34]

---

[30] Doc. No. 365, ¶ 2(xi) (emphasis supplied). The record does not reflect that the Trustee took any action to assume or assign any of the executory contracts and unexpired leases listed in the Court's Third Extension Order.

[31] Doc. No. 379.

[32] Doc. No. 379-1.

[33] *Id.* at p. 3.

[34] Doc. No. 379-1, p. 1.

Five months later, the State Court entered its May 6 Order, directing the State Court clerk of court to issue a writ of possession for the Douglas Property.[35] On June 3, 2024, the clerk of court issued a writ of possession directing the sheriff to put Advanta in possession of the Douglas Property (the "Writ of Possession").[36]

On June 4, 2024, Debtor and Platt LLC filed their original Motion.[37] The title of the Motion requested the Court "(A) to Enforce the Stay Relief Order, (B) to Alter or Amend Stay Relief Order, (C) to Enforce Sale Order, and (D) to Enforce Compromise Order." Debtor and Platt LLC contended that:

- Advanta violated the Stay Relief Order because the Stay Relief Order only authorized Advanta to seek possession of the Douglas Property through an eviction action, and the Foreclosure Action is not an eviction action;

- the Court should alter or amend the Stay Relief Order to exclude the language that "Advanta is granted relief from the automatic stay to allow it to proceed with prosecuting Case No. 17-CA-007609," because, they contend, that language was procured "as a result of fraud, misrepresentation, and/or misconduct" in connection with Advanta's alleged misrepresentations regarding the parties to and the status of the Foreclosure Action; and

- the State Court's May 6 Order should be vacated because it was entered in contravention of the "sale free and clear" provisions of the Sale Order and the Compromise Order.[38]

---

[35] Doc. No. 380, ¶ 13.

[36] Doc. No. 380, Ex. A.

[37] Doc. No. 380.

[38] *Id.* at ¶¶ 14, 17, and 28.

In its June 7 Order, the Court denied the original Motion on the following grounds: first, the Writ of Possession did not violate the Stay Relief Order, and there was no need to clarify or limit the scope of the Stay Relief Order; second, the Stay Relief Order was a final order, and Debtor failed to state grounds for relief under Federal Rules of Bankruptcy Procedure 9023 (Federal Rule 59) or 9024 (Federal Rule 60); and third, assuming that the Court has jurisdiction over this dispute, the Court would abstain under 28 U.S.C. § 1334(c)(2).[39]

On June 10, 2024, Platt LLC filed the Amended Motion, seeking the same relief that it and Debtor had sought in their original Motion. In the Amended Motion, Platt LLC correctly points out that the Court mistakenly stated in the June 7 Order that "Platt LLC's name does not otherwise appear in the Motion, and there is no explanation of its involvement in this bankruptcy case or the foreclosure action described below" and that the Court had overlooked the Motion's definition of "1802 W. Platt Street, LLC" as "1802." Platt LLC reminds the Court in the Amended Motion that the Sale Order approved the Trustee's sale of Debtor's assets to HPC, and Platt LLC is the assignee of HPC.[40]

The Amended Motion also, *for the first time*, provides some detail regarding Debtor's interest as a "co-tenant" of the Douglas Property. The Amended Motion

---

[39] Doc. No. 385, pp. 5-7.

[40] Doc. No. 388, ¶ 11. The Court notes that Debtor, HPC, and 1802/Platt LLC are related entities.

11

states that "Debtor is in possession of the Douglas Property under a Lease."[41] But Platt LLC does not otherwise describe the lease or identify the landlord to the lease. Based on the Court's experience in other bankruptcy cases involving Debtor's principals and their pattern of transferring assets, leases, and subleases, among several corporate entities, the Court surmises (but has no record evidence) that the "landlord" under the lease is an entity or an individual related to Debtor.

## II.   ANALYSIS

For purposes of this Order, the Court assumes, without discussing, that it has jurisdiction to resolve this dispute and that Platt LLC has standing. However, the Court concludes it is appropriate to deny the Amended Motion for four reasons:  (a) the State Court's May 6 Order does not violate this Court's Stay Relief Order; (b) there is no basis for the Court to reconsider the Stay Relief Order under Federal Rule of Civil Procedure 60; (c) the State Court's May 6 Order does not violate this Court's Compromise Order or Sale Order; and (d) treating Platt LLC's Amended Motion as a motion for reconsideration of the Court's June 7 Order under Federal Rule of Civil Procedure 59, the Court finds that Platt LLC fails to state grounds for the reconsideration.

---

[41] Doc. No. 388, ¶ 23.

### A. The State Court's May 6 Order does not violate this Court's Stay Relief Order.

Platt LLC contends that Advanta violated this Court's Stay Relief Order when it obtained the State Court's May 6 Order in the Foreclosure Action that denied a motion to strike the Writ of Possession with respect to the Douglas Property. But Platt LLC overlooks that the Stay Relief Order did not direct or limit Advanta to take any particular action; it allowed Advanta to proceed with the Foreclosure Action and "to take any and all steps necessary to exercise any and all rights it may have in [the Douglas Property]" and "to gain possession of [the Douglas Property]."[42]

In other words, the Stay Relief Order provided Advanta with broad relief to take action to obtain possession of the Douglas Property; if Platt LLC believes there are procedural defects in the State Court's May 6 Order, it should address them in the State Court.

### B. There is no basis for the Court to reconsider the Stay Relief Order under Rule 60.

In the original Motion, Debtor and Platt LLC contended that they were entitled to relief from the Stay Relief Order under Rule 60[43] because, they alleged, Advanta made false representations in the Stay Relief Motion regarding the parties to the Foreclosure Action and Advanta's efforts to obtain possession of the Douglas

---

[42] Doc. No. 267.

[43] Fed. R. Civ. P. 60 made applicable in bankruptcy cases by Fed. R. Bankr. P. 9024.

13

Property.[44] Although Platt LLC did not renew this contention in the Amended Motion, to the extent that the Court's June 7 Order did not directly address this issue, the Court will address it now.

In the absence of any opposition from the Trustee, the Court granted Advanta stay relief to proceed with its efforts to obtain possession of the Douglas Property.

Under § 362, bankruptcy courts are directed to grant relief from the automatic stay "for cause," including the lack of adequate protection of the moving party's interest in property,[45] and with respect to property of the estate, if the debtor has no equity in the property and the property is not necessary to an effective reorganization.[46] At the hearing on the Stay Relief Motion, Debtor did not offer adequate protection to Advanta, and because Debtor's case had been converted to a Chapter 7 liquidation case, the Douglas Property was not necessary to an effective reorganization. Thus, relief from stay was appropriate under both §§ 362(d)(1) and (d)(2), regardless of the veracity of Advanta's representations of the status of the Foreclosure Action and its efforts to obtain possession of the Douglas Property.

And, assuming that Advanta's alleged misrepresentations were somehow relevant to the Court's ruling, the record reflects that Debtor and its attorney were

---

[44] Doc. No. 380, p. 8.

[45] 11 U.S.C. § 362(d)(1).

[46] 11 U.S.C. § 362(d)(2).

served with the Stay Relief Order and Debtor neither moved for reconsideration of nor filed an appeal. Accordingly, the Court finds there is no basis to reconsider the Stay Relief Order under Rule 60.

**C.     The State Court's May 6 Order does not violate this Court's Compromise Order or Sale Order.**

To start, neither the Compromise Order nor the Sale Order refer in any way to the Douglas Property. Platt LLC appears to believe that the provisions of the Sale Order authorizing the Trustee's sale of Debtor's assets "free and clear of liens, claims, encumbrances, and interests," somehow means that Debtor's leasehold interest in the Douglas Property was sold "free and clear" of Advanta's ownership and right to possession of the Douglas Property. This is not the case; if a bankruptcy trustee were to sell a debtor's interest in an unexpired lease "free and clear," the sale would be free and clear of the liens, claims, encumbrances, and interests held against the unexpired lease—not those held against the underlying leased property or against the property owner's or landlord's rights under an unexpired lease.

For example, in *In re C. Wonder LLC*,[47] the bankruptcy court authorized the debtor's sale of its unexpired lease for $1,650,000 (as it happened, the sale was back to the landlord), with liens, claims, interests, and encumbrances attaching to the

---

[47] 2009 WL 10815209, at *2 – 3 (Bankr. D. N.J. Nov. 5, 2009).

15

proceeds. Likewise, in *In re General Wireless Operations Inc.*,[48] the bankruptcy court approved the debtor's sale of its interest in a non-residential lease free and clear, with claims attaching to the proceeds to the same priority, validity, force, and effect as held before the sale.

And even if the Trustee could have sold Debtor's leasehold interest free and clear of liens, claims, encumbrances, and interests *held by the underlying property owner or landlord*, she would have been required to satisfy the requirements of § 363(f) to show that:

(1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)     such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.[49]

No such showing has been made here, let alone a showing of the identity of the "entity" from whose claim the Debtor's leasehold interest in the Douglas Property was sold free and clear.

---

[48] 2017 WL 5434327, at *6 – 7 (Bankr. D. Del. Apr. 25, 2017).

[49] 11 U.S.C. § 363(f).

16

Platt LLC has not cited to a single published opinion in which a bankruptcy court approved the sale of an unexpired lease free and clear of the claims or interests of the underlying landlord or property owner, nor has Platt LLC cited any other authority for its novel theory. And this Court has been unable to locate any such authority.

In any event, Platt LLC, as HPC's assignee, acquired Debtor's interest in the Douglas Property—whatever that may have been—"where-is and as-is." Platt LLC did not acquire Debtor's leasehold free and clear of Advanta's right to possession of the Douglas Property.

### D.    Platt LLC states no grounds for this Court to reconsider the June 7 Order.

As set forth above, the Court treats the Amended Motion as a motion for reconsideration of its June 7 Order.

A motion for reconsideration filed within 14 days after entry of the order or judgment is generally treated as a motion for relief under Federal Rule of Civil Procedure 59(e).[50] Because of the interest in the finality of orders and the conservation of judicial resources, reconsideration of an order under Rule 59(e) is an extraordinary remedy to be granted sparingly. In the Eleventh Circuit, the only grounds for granting

---

[50] Fed. R. Civ. P. 59, as made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023. *In re John Q. Hammons Fall 2006, LLC*, 614 B.R. 371, 376 (Bankr. D. Kan. 2020) (citations omitted); *In re Smith*, 541 B.R. 914, 915, n. 11 (Bankr. M.D. Fla. 2015).

a motion for reconsideration under Rule 59(e) are newly discovered evidence or manifest errors of law or fact.[51]

Platt LLC has not alleged the existence of newly discovered evidence. And while it correctly points out that this Court missed the original Motion's identification of 1802 Platt Street LLC as "1802," the Court addressed the merits of Platt LLC's arguments in the June 7 Order. Platt LLC has not demonstrated any manifest errors of law or fact on the Court's part.

## III.   CONCLUSION

Advanta commenced the Foreclosure Action in 2017 and, in 2022, acquired ownership of the Douglas Property. Two years later, Advanta is still endeavoring to obtain possession of the Douglas Property. The State Court is the appropriate forum for Platt LLC and Advanta to litigate their dispute.

To summarize, the Court finds as follows:

A.   The State Court's May 6 Order does not violate this Court's Stay Relief Order;

B.   There is no basis for the Court to reconsider the Stay Relief Order under Rule 60;

---

[51] *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

C.      The State Court's May 6 Order does not violate this Court's Compromise Order or Sale Order; and

D.      The Court, treating Platt LLC's Amended Motion as a motion for reconsideration of the Court's June 7 Order under Rule 59, finds that Platt LLC fails to state grounds for reconsideration.

Accordingly, it is

**ORDERED** that the Amended Motion (Doc. No. 388) is **DENIED.**

Clerk's Office to serve interested parties via CM/ECF.